MOTYKA *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

MIECZNIK *v.* SAME.

KULESZA *v.* SAME.

1. INTEREST—NOT ALLOWABLE AT COMMON LAW.
   At common law interest was as a rule not allowable on judgments.

2. SAME—INTEREST ON JUDGMENTS STATUTORY.
   Interest on verdicts and judgments is purely statutory, and, being in derogation of common law, may not be extended beyond statutory regulation.

3. SAME—INTEREST ON JUDGMENTS IN TORT ACTIONS.
   In tort actions statute awards interest on judgments from time of entry of same (3 Comp. Laws 1929, § 14555).

4. SAME—INTEREST ON JUDGMENTS IN ACTIONS ON CONTRACTS.
   In actions founded on contracts, in certain specified instances, interest on verdicts may be included in judgments (2 Comp. Laws 1929, § 9238).

5. JUDGMENT—ENTRY OF JUDGMENT MINISTERIAL ACT.
   Entry of judgment means ministerial act of clerk in recording it in permanent records of court.

———————————

As to clerical or ministerial nature of entry of judgment, see annotation in 10 A. L. R. 588.

6. Interest—Commences to Run from Entry of Judgments in Tort Cases.

> Where, in tort actions, plaintiffs had verdicts, but court entered judgments *non obstante veredicto* for defendants, which, on appeal, were reversed and judgments ordered entered on verdicts, interest commences to run from time of such entry, and not before (3 Comp. Laws 1929, § 14555).

Separate tort actions by Thomas Motyka, administrator of the estate of John Motyka, deceased, Mary Miecznik, administratrix of the estate of Casimir Krzewinski, deceased, and Maryanna Kulesza, administratrix of the estate of Stanislaw Kulesza, deceased, against the Detroit, Grand Haven & Milwaukee Railway Company and another. Judgments ordered entered on the verdicts for plaintiffs. (See 253 Mich. 647, 256 Mich. 417.) On motion to reconsider order for interest on verdicts. Submitted September 28, 1932. (January, 1931, Docket Nos. 3, 4, 5, Calendar Nos. 35,082, 35,083, 35,084.) Order directing entry of judgments for plaintiffs, and interest to run from such entry October 31, 1932.

*Arthur A. Koscinski* and *Robert J. Wojcinski,* for plaintiffs.

*Frederic T. Harward, Frederick V. Slocum, H. V. Spike,* and *Wm. W. Macpherson,* for defendants.

Wiest, J. In tort actions plaintiffs, upon trial by jury, had verdicts, but the court entered judgments *non obstante veredicto* for defendants. Upon review we reversed the judgments (*Motyka* v. *Railway Co.,* 253 Mich. 647, 256 Mich. 417) and ordered judgments in the circuit court to be entered on the verdicts.

Reconsideration of the allowance of interest upon the verdicts is moved.

"At common law interest was as a rule not allowed on judgments." 15 R. C. L. p. 15.

Interest upon verdicts and judgments is purely statutory, and, being in derogation of the common law, cannot be extended beyond stated statutory regulation. *Straus* v. *Elless Co.,* 245 Mich. 558. The statute, 3 Comp. Laws 1929, § 14555, awards interest upon judgments in tort actions "from the time of entry of the same." In actions founded on contracts, in certain specified instances, interest upon verdicts may be included in judgments. 2 Comp. Laws 1929, § 9238.

Entry of judgment means the ministerial act of the clerk in recording it in the permanent records of the court.

The circuit court is now directed to enter judgments on the verdicts, and, from the time of such entry, the interest will commence to run and not before.

No costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.