COSBY *v.* POOL

1. JUDGMENT—INTEREST—STATUTES.

    The amendatory statute which made the date of the filing of the complaint the date from which interest awardable on a judgment is to be computed is one relating to remedies or modes of procedure (MCLA § 600.6013).

2. STATUTES—IMPAIRMENT OF CONTRACT—RETROACTIVE OPERATION— CONSTITUTIONAL LAW.

    A statute which changes the substance of contracts cannot have retroactive effect, but a statute which changes only a remedy can be given retroactive operation without violating constitutional provisions protecting contracts (US Const, art 1, § 10; Const 1963, art 1, § 10).

3. JUDGMENT — INTEREST — STATUTES — IMPAIRMENT OF CONTRACT RETROACTIVE OPERATION.

    The 1965 amendatory statute making the date of the filing of the complaint the date from which interest awardable on a judgment is to be computed, being remedial or procedural in nature, becomes part of an insurance contract where the contract provides that the insurer would pay interest accruing on verdict or after judgment up to the date of payment or tender to the judgment creditor, even though the contract was issued in 1963 and complied with the statute then in effect.

4. INSURANCE—INSURER'S LIABILITY—INTEREST ON JUDGMENT.

    An insurer is liable for the interest on a judgment awarded against its insured only to the extent of the interest on the amount of risk the insurer has assumed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Interest and Usury §§ 94, 95.
[2–4] 45 Am Jur 2d, Interest and Usury § 8 *et seq.*

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 October 5, 1971, at Grand Rapids. (Docket No. 11096.) Decided October 26, 1971. Leave to appeal denied, 386 Mich 782, 783.

Complaint by Kenneth W. Cosby and Cecilia V. Cosby against John D. Pool and St. Paul Insurance Company for negligence. Judgment for plaintiffs. Plaintiff instituted supplementary proceedings against St. Paul Insurance Company to recover interest awarded. Summary judgment for St. Paul Insurance Company. Plaintiffs appeal. Reversed and remanded.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone*), for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *Leonard E. Nagi*), for defendant St. Paul Insurance Company.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

FITZGERALD, P. J. Defendants stipulate that the facts presented in plaintiffs' brief are accurate except for a few exceptions. This Court therefore adopts those facts, taking notice of the exceptions and clarifications stated in defendants' brief.

A jury awarded plaintiffs a negligence judgment against John D. Pool in the amount of $200,000 on behalf of plaintiff Kenneth W. Cosby and in the amount of $6,000 on behalf of plaintiff Cecilia V. Cosby, his wife, with the judgment further providing for interest in the total sum of $33,333 on behalf of Mr. Cosby and $1,000 on behalf of Mrs. Cosby. This represented interest at the rate of 5% per year

from the date that plaintiffs filed their complaint until the day of judgment as provided by the provisions of MCLA § 600.6013 (Stat Ann 1971 Cum Supp § 27A.6013). This judgment was settled between the parties except for the matter of interest from the date of the filing of the complaint to the date of judgment.

St. Paul Insurance Company carried a policy of insurance covering the liability of defendant Pool. Among the provisions of the policy was a section entitled "Special Conditions". Paragraph 2(b) of that section provides, in pertinent part, as follows:

"2. Defense, Settlement, Supplementary Payments. As respects such insurance as is afforded by the other terms of this insuring agreement, the company shall

\* \* \*

"(b) pay in addition to the applicable limits of the insuring agreement (1) all costs taxed against the insured in any legal proceeding defended by the company according to the foregoing paragraph, *and interest accruing on verdict or after judgment up to the date of payment or tender to the judgment creditor,* or his attorney of record, by the company upon the company's share of such verdict or judgment rendered in connection therewith, (2) all premium charges on release of attachment or expenses incurred by the company for investigation, negotiation, and defense; and \* \* \* ." (Emphasis supplied.)

This insurance contract, issued in 1963, complied with the statute in effect at that time. The statute was, however, later amended by MCLA § 600.6013 (PA 1965, No 240).

Following settlement of the judgment, except for the interest provided for therein from the date of the filing of plaintiffs' complaint to the date of

judgment, supplementary proceedings were instituted by plaintiffs against St. Paul Insurance Company seeking to recover the amount of said interest from St. Paul Insurance Company. St. Paul denied liability therefor and plaintiffs filed a motion for summary judgment with respect thereto, it being the contention of plaintiffs that the St. Paul Insurance Company, under the specific provisions of the above noted portion of the insurance policy, was liable to plaintiffs for said interest as a matter of law since the interest represented sums which accrued on the verdicts pursuant to statute.

The trial court entered a written opinion holding that although there was little doubt from the wording set forth in section 2 of the policy that St. Paul Insurance Company would be liable for interest under normal conditions, that, nevertheless, they could not be held liable for interest accruing on the judgment from the date of the filing of the complaint to the date of the judgment because the policy in question was made effective on March 15, 1963, when the applicable statute relating to interest allowed interest to be computed only from the time of entry of judgment. To so hold St. Paul Insurance Company liable would be in direct violation not only of the provisions of Article 1, § 10, of the United States Constitution, which provides that "no state shall pass any law impairing the obligation of contracts", but also Article 1, § 10, of the 1963 Michigan Constitution, which provides that "no bill of attainder, *ex post facto* law or law impairing the obligation of contracts shall be enacted". The reasoning of the court was that the statute relating to interest on judgments, as written on the date the policy was issued, became an integral part of the contract, fixing forever defendant St. Paul's liability for inter-

est under its policy. It was therefore an unconstitutional impairment of contract rights to hold St. Paul Insurance Company liable for the greater interest allowed as the result of amendments made to the interest statute after the policy was issued.

Pursuant to the court's opinion, summary judgment was entered in favor of St. Paul Insurance Company on January 14, 1971.

On appeal, the sole issue to be determined is whether the enactment of an amendment to MCLA § 600.6013 (Stat Ann 1971 Cum Supp 27A.6013), which provides interest to be calculated from "the date of filing the complaint" becomes a part of an insurance contract which was signed prior to the amendment. If so, it effectively amends the contract clause which provides that the insurer will pay "interest accruing on verdict or after judgment up to the date of payment".

Plaintiffs contend that the statute is a remedial statute which, when amended, is deemed retroactive and becomes a part of an insurance contract, thereby amending the insurance clause.

Defendant insurance company does not deny that plaintiffs are entitled to interest from the date of the filing of the complaint until the date of judgment. It simply disclaims responsibility for this sum, contending that it is only responsible for paying interest on the judgment as per its contractual agreement and that laws written subsequent to the contractual agreement cannot be incorporated into the contract without violating the constitutions of Michigan and of the United States.

It was recently determined that the statute in issue, PA 1961, No 236, § 600.6013, as amended by PA 1965, No 240, is an amendment which relates to remedies or modes of procedure. *Ballog* v. *Knight Newspapers, Inc.* (1969), 381 Mich 527.

In *Hansen-Snyder Company* v. *General Motors Corporation* (1963), 371 Mich 480, it was held (syllabus 1):

"Statutes related to remedies or modes of procedure which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing will, in the absence of language clearly showing a contrary intention, be held to operate retrospectively and apply to all actions accrued, pending or future, there being no vested right to keep a statutory procedural law unchanged and free from amendment."

Therefore, it is clear that this remedial amendment is subject to retrospective operation. However, it is still necessary to determine how it relates to the insurance contract under which the defendant was insured.

A statute which changes the substance of contracts cannot be made retroactive, but if the statute changes only a remedy, it can be made retroactive. As stated in *Guardian Depositors Corp.* v. *Brown* (1939), 290 Mich 433, 439:

"Admittedly, a statute cannot be retroactive so as to change the substance of a contract previously entered into. The rule as to remedy has but recently been reiterated as follows:

" 'The legislature may modify, limit or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right.' *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co.* (1937), 300 US 124, 128 (57 S Ct 338, 339; 81 L Ed 553, 555; 108 ALR 886, 889)."

*Guardian* was cited and partially quoted in *Byjelich* v. *John Hancock Mutual Life Insurance Company* (1949), 324 Mich 54, 61.

Defendant insurance company contends that laws written subsequent to the contractual agreement cannot be incorporated into the contract without violating the constitutions of Michigan and the United States. This argument is without merit. When the constitutional defense was raised in relation to an amendment dealing with a workmen's compensation statute in *Lahti* v. *Fosterling* (1959), 357 Mich 578, the Michigan Supreme Court adopted the reasoning in *Matter of Schmidt* v. *Wolf Contracting Co.* (1945), 269 App Div 201, 207, 208 (55 NYS2d 162, 170). That Court stated, at p 592:

"Liability under the workmen's compensation law is contractual, the amendment is not thereby violative of the provisions of the Constitution of the United States. The police power of the State may be exercised to affect the due process of law clause as well as the impairment of contract clause of the Federal Constitution.

"The subject matter of workmen's compensation reposes within the control of the legislature.

"A law enacted pursuant to rightful authority is proper, and private contracts are entered into subject to that governmental authority."

*Lahti* (at p 593) also adopted the dissenting opinion of Justice Hugo L. Black in *Wood* v. *Lovett* (1941), 313 US 362, 382 (61 S Ct 983, 992; 85 L Ed 1404, 1414), relating to the contract clause:

"Even though it is a dissenting opinion, Justice Hugo L. Black in *Wood* v. *Lovett* (1941), 313 US 362, 382 (61 S Ct 983, 992; 85 L Ed 1404, 1414), correctly states the rule with respect to the contract clause.

"'Societies exercise a positive control as well over the inception, construction, and fulfilment of con-

tracts as over the form and measure of the remedy to enforce them. The accuracy of this statement cannot be questioned by one who reflects upon the extent to which contracts and agreements are a part of the daily activities of our society. For, so nearly universal are contractual relationships that it is difficult if not impossible to conceive of laws which do not have either direct or indirect bearing upon contractual obligations. *Therefore, it would go far towards paralyzing the legislative arm of State governments to say that no legislative body could ever pass a law which would impair in any manner any contractual obligation of any kind. * * * No attempt has been made to fix definitely the line between alterations of the remedy, which are to be deemed legitimate, and those which, under the form of modifying the remedy, impair substantial rights. Every case must be determined upon its own circumstances. In all such cases the question becomes, therefore, one of reasonableness, and of that the legislature is primarily the judge.'* " (Emphasis supplied.)

This Court thus finds no merit in the defendant insurance company's constitutional contention. The amendment to the statute in contention was remedial or procedural. It in no way affects the substantive interests of the two parties. Therefore, the amendment has the effect of becoming a part of the contract and replaces the clause as written. Therefore, the interest must be calculated from the date of filing the complaint. This, however, is applicable only to that interest which accrues upon the defendant insurance company's portion of the verdict.

An insurer can limit the risk it assumes. *Cottrill v. Michigan Hospital Service* (1960), 359 Mich 472. It follows that the insurer should be liable only for the interest that accrues on the amount of risk it has assumed. Otherwise, it would be paying interest on

a risk it did not assume and for which it did not charge premiums. In this case, the judgment was for $200,000, while the insurer's liability was limited to $100,000.

Therefore, the case is remanded and the plaintiffs are granted the total interest of $34,333. However, the defendant insurer is liable only for the interest on its share of the judgment which is in the amount of $17,167.

Costs to appellants.

All concurred.