491 F.2d 711
 WESTCHESTER FIRE INSURANCE CO., Subrogee of Glens of Bingham
Associates, and Robinson Brothers, Inc.,
Plaintiffs-Appellants,
v.
RING BROTHERS HEATING CO., and Prince Plumbing Co., jointly
and severally, Defendants, v. HANOVER INSURANCE
COMPANY, Garnishee-Defendant-Appellee.
 No. 73-1586.
 United States Court of Appeals, Sixth Circuit.
 Argued Dec. 12, 1973.
Decided Jan. 22, 1974.
 
 Davies, Rudzki & Zeder, Clair R. Carney, Detroit, Mich., on brief, for plaintiffs-appellants.
 Bell, Hertler & Hopkins, John W. Bell, John L. Hopkins, Jr., Pontiac, Mich., on brief, for appellee.
 Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and CECIL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The single question presented by this appeal is whether Michigan Compiled Laws 600.6013, allowing interest on any money judgment from the date of filing a complaint, amends policies of casualty insurance that do not, by their terms, so obligate the insurer. The district court determined that it does not. We agree.
 
 
 2
 On October 19, 1972, appellants were awarded a money judgment in the district court for $140,236.28 in a diversity action for negligence. Hanover Insurance, which had defended Ring Brothers Heating Company, tendered to appellants an amount equal to the limits of its policy plus interest on the award calculated from the date of judgment. The applicable provision in the insurance policy provided:
 
 
 3
 III Supplementary Payments. The Company will pay in addition to the applicable limit of liability: (a) All expenses incurred by the Company, all costs taxed against the insured in any suit defended by the Company and all interest on the entire amount of any judgment therein which accrues after entry of judgment and before the Company has paid or tendered or deposited in Court that part of the judgment which does not exceed the limit of the Company's liability thereon; . . ..
 
 
 4
 Appellant contends that this policy provision was controlled by M.C.L. 600.6013 which provided in pertinent part:
 
 
 5
 600.6013 Same; interest on judgment, rate, settlement
 
 
 6
 Sec. 6013. Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% Per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed.
 
 
 7
 Accordingly, appellant argues that the insurance contract was amended because of another policy provision that provides:
 
 
 8
 F. Conformity with Statute: The terms of this policy and forms attached hereto which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform with such statutes.
 
 
 9
 Appellants also rely on Cosby v. Pool, 36 Mich.App. 571, 194 N.W.2d 142 (1971), where the statute was given retroactive application for an insurer that was obligated under its policy to pay interest accruing on verdict or after judgment even though the policy was issued prior to the enactment of M.C.L. 600.6013. The former statute provided for interest only from the date of judgment.
 
 
 10
 We determine, however, that Cosby requires affirmance of the judgment below. In that case, the policy required the insurer to pay interest 'accruing on verdict or after judgment,' and clearly because of the statute, interest accrued on the verdict from the date the complaint was filed. In this appeal, the policy provides for payment only of that interest 'which accrues after entry of judgment' even if the total amount so paid exceeds the limits of liability. Arguably, Hanover might be liable under its insuring clause for interest from the date of filing the complaint if the inclusion of that amount would not exceed policy limits. That question, however, is not before us and we do not decide it.
 
 
 11
 The following language from the opinion in Cosby controls the issue before us.
 
 
 12
 An insurer can limit the risk it assumes. Cottrill v. Michigan Hospital Service (1960), 359 Mich. 472, 102 N.W.2d 179. It follows that the insurer should be liable only for the interest that accrues on the amount of risk it has assumed. Otherwise, it would be paying interest on a risk it did not assume and for which it did not charge premiums.[1] 36 Mich.App. 571, 578-579, 194 N.W.2d 142, 146.
 
 
 13
 For the foregoing reasons and those in the memorandum opinion of the district court, the judgment is affirmed.
 
 
 
 [1]
 The Michigan Insurance Code, Michigan Compiled Laws 500.3004, et seq., mandates the inclusion of certain provisions in liability insurance policies; and this court has held that, if designated insurance contracts fail to incorporate the statutory requirements, the mandatory provisions will be read into the contracts. New Amsterdam Casualty Co. v. Jones, 135 F.2d 191 (6th Cir. 1943). We observe, however, that the Insurance Code does not mandate the inclusion in a casualty insurance contract of a provision obligating the insurer to pay all interest from the date of filing to the date of judgment