AYRES v AMERICAN CHAIN & CABLE COMPANY

1. WORKMEN'S COMPENSATION—DEPENDENCY BENEFITS—AGE OF DEPENDENT—STATUTES.

An amendment to the Workmen's Compensation Act which reduced from 21 to 18 the age of a dependent for payment of dependency benefits to injured employees does not mandate a reduction in benefits to an employee whose dependent son was a minor at the time of the employee's injury but who was aged 19 when the amendment became effective (MCLA 418.353).

2. WORKMEN'S COMPENSATION—DEPENDENCY BENEFITS—AGE OF DEPENDENT—AGE OF MAJORITY ACT.

Both the Age of Majority Act, which reduced the age of majority from 21 to 18, and an amendment to the dependency payments provisions of the Workmen's Compensation Act, which similarly reduced the age, contain saving clauses which make clear that an injured employee's rights to dependency benefits are not affected by either the amendatory legislation or the Age of Majority Act, but are determined by the statute in effect at the time of the injury (MCLA 418.891[3], 722.54).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 May 13, 1974, at Detroit. (Docket No. 18290.) Decided October 9, 1974. Leave to appeal denied, 393 Mich 784.

Claim by Howard R. Ayres against American Chain & Cable Company and American Mutual Liability Insurance Company for continuation of workmen's compensation dependency benefits. Benefits granted. Defendants appeal by leave granted. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Statutes § 347 *et seq.*

58 Am Jur, Workmen's Compensation §§ 33, 404.

*Conklin, Benham, McLeod, Ducey & Ottaway* (by *Thomas P. Chuhran)*, for American Chain & Cable Company and American Mutual Liability Insurance Company.

Before: V. J. Brennan, P. J. and R. B. Burns and R. L. Smith,* JJ.

V. J. Brennan, P. J. Defendants appeal from a Workmen's Compensation Appeal Board's affirmance of an administrative judge's determination that plaintiff-claimant was entitled to a continuation of dependency benefits even after his son reached 18 years of age notwithstanding an amendment to the dependency statute, MCLA 418.353; MSA 17.237(353).

At the present time, plaintiff is receiving workmen's compensation benefits of $69 per week for an alleged work-related injury of March 21, 1966. Plaintiff's compensation benefits initially included a sum for the dependency of a son, who, at the time the dependency statute was changed, December 30, 1971, was 19 years of age. On March 27, 1972, the defendants stopped dependency benefits on the son's account, claiming that the amended statute was applicable to terminate the requirement that benefits be awarded on account of a "dependent".

On February 20, 1973, the Bureau of Workmen's Compensation issued a "Notice of Rule V Hearing" to determine compliance with workmen's compensation laws. On April 21, the hearing referee, Ray Ravary, determined that the dependency status of the plaintiff's son was not affected by the amendatory legislation. His decision was based on a March 6, 1973 hearing and determined as follows:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"[D]efendants shall continue to pay compensation with dependency being determined by the statute in effect at the time of the plaintiff's injury. Compensation is being paid by the defendant and the only purpose of this Rule V hearing was to determine the effect of the change in Section 418.353 of the Act. I find that this change in the Statute is not applicable to the instant case."

Defendants filed a claim for review with the Workmen's Compensation Appeal Board on June 15, 1973. On August 28, 1973, the Workmen's Compensation Appeal Board affirmed the decision of the hearing referee. On September 24, 1973, the defendants sought application for leave to appeal with this Court. This Court granted defendants' application for leave to appeal on December 3, 1973.

The question presented to the Court is whether the legislative enactment, which became effective on December 30, 1971, reducing the upper limit of the age of dependency from 21 to 18 years, is applicable to plaintiff's son who, at the time of plaintiff's injury, was a minor and, therefore, a dependent but who, on the effective date of the enactment, was 19 years of age?

Defendants concede that on the date of plaintiff's alleged injury the controlling statute allowed the stoppage of dependency benefits at age 21 if the dependent was not physically or mentally incapacitated. MCLA 412.9; MSA 17.159. However, effective December 30, 1971, the applicable statute was amended to reduce the age of dependency from 21 years to 18 years. MCLA 418.353; MSA 17.237(353). The amendatory workmen's compensation legislation preceded by two days the enactment of the Age of Majority Act, MCLA 722.51; MSA 25.244(51), which reduced the age of majority from 21 years to 18 years.

Defendants maintain that by enacting the amendatory statute and the Age of Majority Act, the Legislature intended to discontinue benefits for anyone who, on the date of enactment, was 18 years old or anyone who thereafter attained the age of 18. In their brief, defendants cite cases to support the proposition that since the Workmen's Compensation Act is remedial legislation, creating no vested rights in any person, any amendments thereto, absent legislative provisions to the contrary, are applicable to any and all claims under the act which occurred before or after the effective date of a given amendment. *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959); *Ballog v Knight Newspapers, Inc,* 381 Mich 527; 164 NW2d 19 (1969); *Cosby v Pool,* 36 Mich App 571; 194 NW2d 142 (1971).

Defendants' arguments in this regard, however, ignore the savings clause provision of the Age of Majority Act contained in MCLA 722.54; MSA 25.244(54) and the similar language of the workmen's compensation amendatory legislation contained in MCLA 418.891(3); MSA 17.237(891)(3). The savings clause of the Age of Majority Act, MCLA 722.54; MSA 25.244(54), provides:

"Sec. 4. This act does not impair or affect any act done, offense committed or right accruing, accrued or acquired, or a liability, penalty, forfeiture or punishment incurred before this act takes effect, but the same may be enjoyed, asserted and enforced, as fully and to the same extent as if this act had not been passed. Such proceedings may be consummated under and in accordance with the law in force at the time the proceedings are or were commenced. Proceedings pending at the effective date of this act and proceedings instituted thereafter for any act, offense committed, right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred before the effective date of this act may be continued or instituted under and in accordance with the law in force at the time of the commis-

sion of the act, offense committed, right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred."

The relevant portion of MCLA 418.891(3); MSA 17.237(891)(3) is to the same effect. It provides:

"(3) This act shall not affect or impair any right accruing, accrued or acquired or any liability developing or imposed prior to the time this act takes effect, and all such rights and liabilities shall be governed by the provisions of Act No. 10 of the Public Acts of the First Extra Session of 1912, as amended, being sections 411.1 to 417.61 of the Compiled Laws of 1948."

The foregoing provisions make clear that plaintiff's right to dependency benefits are not affected by either the amendatory statute or the Age of Majority Act. The statute in effect at the time of plaintiff's injury was MCLA 412.9(d); MSA 17.159(d) which provided in pertinent part:

"(d) Weekly payments to any injured employee shall be reduced by the additional amount provided for any dependent child or husband or wife or other dependent when such child either reaches the age of 21 years or after becoming 16 ceases for a period of 6 months to receive more than 1/2 of his support from such injured employee, if at such time he or she is neither physically nor mentally incapacitated from earning, or when such husband or wife shall be divorced by final decree from his or her injured spouse, or when such child, husband or wife, or other dependent shall be deceased."

Under the above statute, since no claim was made that plaintiff's dependent child had ceased to receive more than one-half of his support from plaintiff, it is clear that plaintiff was entitled to continue to receive dependency benefits until the child reached 21 years of age as the Appeal Board determined.

Affirmed. Costs to plaintiff.

All concurred.