CATES v MOYSES

1. INSURANCE—CONTRACTS—CONSTRUCTION—JUDGMENT—INTEREST ON JUDGMENT—LIMITS OF LIABILITY.

Language in an insurance policy in which the insurer agrees to pay "all interest on the entire amount of any judgment" against the insured is plain and unambiguous, and the insurer thereby is liable to pay interest accrued on the entire amount of a money judgment even though the judgment is for an amount greater than the limits of liability of the policy.

2. JUDGMENT—INTEREST ON JUDGMENT—COMPUTATION OF INTEREST—STATUTES.

Interest on a money judgment is to be computed from the date of commencement of suit (MCLA 600.6013).

3. INSURANCE—JUDGMENT—INTEREST ON JUDGMENT—LIMITS OF LIABILITY—TOLLING OF INTEREST.

Payment by an insurer on a money judgment against its insured of the amount of the limits of the policy plus the interest accrued on that amount tolled the interest only on the amount paid, and interest on the balance of the judgment continues to accrue where the insurer is liable for interest on the entire amount of judgment.

Appeal from Gratiot, Leo W. Corkin, J. Submitted Division 3 November 12, 1974, at Grand Rapids. (Docket No. 18078.) Decided January 7, 1975. Leave to appeal granted, 394 Mich —.

Complaint by Dwight L. Cates and Ann Cates against Arthur W. Moyses and David D. Moyses and the Detroit Automobile Inter-Insurance Exchange for damages for injuries sustained in an automobile accident. Judgment for plaintiffs. De-

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 44 Am Jur 2d, Insurance §§ 1685-1688.

fendant Detroit Automobile Inter-Insurance Exchange appeals, and plaintiffs cross-appeal. Affirmed in part, reversed in part, and remanded.

*Van Benschoten & Van Benschoten, P. C.,* for plaintiffs.

*Durance & Sheldon,* for defendant Detroit Automobile Inter-Insurance Exchange.

Before: T. M. BURNS, P. J., and R. B. BURNS and CARLAND,* JJ.

CARLAND, J. The facts upon which the issues here involved must be determined have been stipulated and agreed upon by all parties. Following an automobile accident, suit was instituted by the plaintiffs against the defendants on July 12, 1968. A judgment was entered on November 17, 1971 in favor of the plaintiffs and against the defendants in a total sum of $60,000. The judgment assessed costs against the defendants which were later paid. Interest on the judgment was awarded in favor of the plaintiffs from the date of the filing of the complaint. At the time of the accident, defendant David D. Moyses was insured by garnishee defendant Detroit Automobile Inter-Insurance Exchange, hereinafter referred to as "the company", to the limit of $10,000.

Following garnishment proceedings by the plaintiffs against the company, a disclosure was filed admitting the liability of the company under the policy in question. By this disclosure the company admitted owing under its policy $8,511 (it having previously paid $1,489 thereon) plus interest at the rate of 5% per annum on this amount from the date of suit (July 12, 1968) to date of payment.

* Circuit judge, sitting on the Court of Appeals by assignment.

On September 12, 1972, a hearing was had on plaintiffs' petition for discovery of assets under MCLA 600.6104; MSA 27A.6104. On September 20, 1972, after the first hearing on the above mentioned motion, the company paid into court the sum of $10,330.20 which represented the sum admitted to be due under its policy plus interest at 5% from July 12, 1968 to September 20, 1972.

Later, on May 15, 1973, the company made a motion for a rehearing in connection with the garnishment proceedings and further sought a determination by the court as to the interest, if any, due under the judgment.

By an amended order dated October 12, 1973, the trial court found the company to be liable for the limits of its policy in the sum of $10,000. The court also found the company to be liable under its policy for interest at the rate of 5% per annum on the entire judgment of $60,000 computed from July 12, 1968 to September 20, 1972. This order further provided, as summarized in the parties stipulation of facts, as follows:

"(c) It was ordered that the balance now due in the amount of $10,418.45 representing interest on the entire judgment from date of complaint, July 12, 1968 to September 20, 1972, be paid by garnishee defendant to the plaintiffs. In addition thereto, garnishee defendant was to pay at the rate of five per cent (5%) per annum on said sum of $10,418.45 until said obligation was fully paid and discharged."

By this portion of its order, the trial court thereby tolled the further payment of interest upon the judgment of $60,000 as of September 20, 1972.

From this order the company appeals and the plaintiffs cross-appeal.

It is the contention of the appellant company

that it should not be required to pay interest upon the entire judgment prior to the date of the entry thereof. The company further maintains that if it was obligated to pay interest upon the entire judgment for any period of time that that obligation was fulfilled upon the deposit of funds with the court on September 20, 1972.

On the other hand, the plaintiffs maintain that the company is obliged to pay interest on the entire judgment from the date that suit was instituted until its entire policy indebtedness was paid in full. That since the sums deposited in court did not discharge this obligation in full on September 20, 1972, that interest continued to run on the entire judgment.

By stipulation, the parties have agreed that the relevant provisions of the insurance policy involved are found in section 1 of said policy and are identified as "supplemental provisions". These provisions are as follows:

"As respects the insurance afforded for Section 1, the Exchange agrees to pay in addition to the applicable limits of liability:
"(a) All expenses incurred by the Exchange, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment which accrues after the entry of judgment and before the Exchange has paid, tendered or deposited in court that part of such judgment which does not exceed the limits of the Exchange's liability thereon;"

We agree with the circuit court that the company's reliance upon *Cosby v Pool,* 36 Mich App 571; 194 NW2d 142 (1971), is misplaced. The language of the policy in *Cosby* is clearly distinguishable from the policy here in question. In *Cosby,* the insurer had limited its interest liability by the following language:

"2. As respects such insurance as is afforded by the other terms of this insuring agreement, the company shall

\* \* \*

"(b) pay in addition to the applicable limits of the insuring agreement (1) all costs taxed against the insured in any legal proceeding defended by the company according to the foregoing paragraph, and interest accruing on verdict or after judgment up to the date of payment or tender to the judgment creditor, or his attorney of record, by the company upon the company's share of such verdict or judgment rendered in connection therewith \* \* \* ."

We therefore adopt the following findings of the trial judge in his construction of the policy here before us:

"The language in Cosby is obviously different from that in this case where it speaks of 'all interest on the entire amount of any judgment' which this court would not regard as ambiguous but rather a clear undertaking to pay all interest on the entire judgment."

The appellant company relies upon the following language found in *Cosby* on page 578:

"This, however, is applicable only to that interest which accrues upon the defendant insurance company's portion of the verdict."

We hold such language to have been at the most *dicta* since its use was determinative of no issue then before the court.

The subject of an insurer's liability on excess of judgment over policy limits has come to the attention of appellate courts throughout the country on numerous occasions. The resulting conflict of authority makes it difficult to state on which side the

weight of such decisions lie. This difficulty is pointed out in the following annotation in ALR 2d:

"Since the jurisdictions which have expressly dealt with the matter are fairly evenly divided, one can hardly speak of the weight of authority supporting one view or the other. However, there seems to be a trend in favor of holding the insurer liable for interest on the entire amount of the judgment, as illustrated by the two most recent cases in which prior opposite holdings were disapproved. Thus, if a prognostication may be made as to which view uncommitted jurisdictions are more likely to adopt, the choice would be in favor of extending the liability of the insurer to the entire amount of the judgment because of the seemingly greater appeal of the arguments advanced in support of this theory, as best exemplified in *River Valley Cartage Co v Hawkeye Security Ins Co,* 17 Ill 2d 242; 161 NE2d 101; 76 ALR2d 978 (1959)." 76 ALR2d 983, § 2, p 987, *Liability Insurer's Liability for Interest and Costs on Excess of Judgment Over Policy Limits.*

The competing rationale and arguments on the issue before us all have substantial merit and logical persuasiveness. There does not appear to be any clearly satisfactory and convincing way in which they may be reconciled. While as stated above we find the language of the policy to be "a clear undertaking to pay all interest on the entire judgment", we assert that a finding of ambiguity would offer little comfort to appellant company. Affirmance of the trial court in the event of ambiguity could be sustained by resorting to the rule of construction that "any ambiguity in the language of an insurance policy is to be resolved against the insurer". *State Farm Mutual Auto Insurance Co v Coon,* 46 Mich App 503, 508; 208 NW2d 532 (1973); *Vermont Mutual Insurance Co v Dalzell,* 52 Mich App 686, 691; 218 NW2d 52 (1974).

We therefore hold that by the plain and unambi-

guous provision of its policy the company became obligated to pay interest on the entire judgment.

Having made such a determination, we must next decide as to the date that such interest begins to run. It should be noted that it is stipulated that the sum paid by the company on September 20, 1972 was purported to be in payment of the balance due under the policy plus interest thereon from the date that suit was commenced. Such interest was paid under the mistaken belief that this was the extent of the company's obligation. And to the extent of this admitted obligation, it thereby conceded that it was bound to pay interest from July 12, 1968. We perceive of no reason why this date so fixed for the commencement of interest should be changed simply because we decide that the company's obligation extends to the entire judgment. Interest is to be computed as of the date the complaint was filed, MCLA 600.6013; MSA 27A.6013. When *Cosby, supra,* stated that an insurance company can limit its risks, it was discussing only the issue of the amount on which the company's interest liability would be based, not the date the interest was to begin. In its holding on the date issue, the *Cosby* court held that the statute requiring interest to be computed as of the date suit was commenced replaced the contrary policy provision and that therefore the statute superseded the interest clause of the policy. Again we affirm the circuit court and hold that interest shall be computed from the date of commencement of suit.

Although the trial court held the insurer to be liable for interest on the entire $60,000 judgment, it also held that the accrual of interest on that judgment was tolled when on September 20, 1972 the company paid its policy limit plus the interest

that had accrued on that limit. In their cross-appeal plaintiffs contend that since this was only a partial payment of the insurer's liability, it only tolled the interest on the amount paid. On the other hand, the company asserts that the payment made on September 20, 1972 was sufficient to toll the accrual of interest on the entire judgment because there was an honest dispute as to its liability for interest.

In a case where a similar issue arose, the Supreme Court held that the tender into court of part of a claimed liability only cuts off the interest as to the amount tendered, *Kleynenberg v Highlands Realty Corporation,* 340 Mich 339; 65 NW2d 769 (1954). Therefore we hold that the trial court was in error in holding that the insurer tolled the accrued interest on its entire liability by making a tender of only that amount for which it believed itself to be liable. Only interest on the amount paid was tolled.

Affirmed in part and reversed in part. We remand for the entry of judgment consistent with this opinion. Plaintiffs may recover costs.

All concurred.