DITTUS v GEYMAN

OPINION OF THE COURT

1. INSURANCE—CONSTRUCTION OF POLICIES—AMBIGUITIES.

Insurance policies must be construed in accordance with the ordinary and popular sense of the language used in order to avoid strained interpretations, and policies containing ambiguities are construed against the insurer and most favorably to the insured.

2. COSTS—COMMON LAW.

Costs were not awardable at common law and are presently recoverable only when authorized by statute.

3. COSTS—PREJUDGMENT INTEREST—STATUTES.

Prejudgment interest is not included within the terms which are deemed by statute to be taxable as costs (MCLA 600.2401; MSA 27A.2401).

4. JUDGMENT—INTEREST—PREJUDGMENT INTEREST—STATUTES.

Prejudgment interest from the date of the complaint is purely a statutory creation and such interest is computed and added to the general verdict as interest on the judgment and not as an element of damages (MCLA 600.6013; MSA 27A.6013).

5. INSURANCE—INSURER—INTEREST—LIABILITY.

An insurer is liable only for the interest that accrues on the amount of risk it has assumed.

6. JUDGMENT—INTEREST—PREJUDGMENT INTEREST—STATUTES.

Prejudgment interest from the date of the complaint is required by statute to be paid on a judgment (MCLA 600.6013; MSA 27A.6013).

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 257 *et seq.*
[2] 20 Am Jur 2d, Costs § 4.
[3, 4] 45 Am Jur 2d, Interest §§ 59, 60, 73, 74, 96, 97.
[5–9] 44 Am Jur 2d, Insurance §§ 1685–1688.

7. Insurance—Insured—Insurer—Prejudgment Interest—Public Policy.

Public policy demands that the liability of an insured for prejudgment interest is also imposed upon the insurer to the extent that the amount of the prejudgment interest when added to the amount of the judgment does not exceed the policy limits.

Partial Dissent by D. F. Walsh, J.

8. Insurance—Prejudgment Interest—Damages—Insurer.

*Prejudgment interest is not an item of damages, therefore, an insurance policy limitation as to damages should not affect the amount of prejudgment interest payable by the insurer.*

9. Insurance—Public Policy—Insurer—Interest.

*Public policy requires that an insurer pay any and all interest allowable on that amount of any judgment which the insurer is liable to pay.*

Appeal from Oakland, Richard D. Kuhn, J. Submitted November 13, 1975, at Detroit. (Docket No. 23372.) Decided April 6, 1976. Leave to appeal denied, 397 Mich 837.

Complaint by Marian C. Dittus and Richard Dittus against Robert E. Geyman for damages arising out of an automobile accident. Judgment for plaintiffs. The plaintiffs, defendant, and defendant's insurer, Michigan Mutual Liability Company, thereafter made an agreement whereby Michigan Mutual paid the judgment. Subsequently, the complaint was amended to add Michigan Mutual as a defendant so that Michigan Mutual's liability for interest on the judgment could be determined. Judgment for plaintiffs against Michigan Mutual. Michigan Mutual appeals. Reversed and remanded.

*Lopatin, Miller, Bindes & Freedman,* for plaintiffs.

*Martin, Bohall, Joselyn, Halsey & Rowe,* for defendant Michigan Mutual.

Before: BASHARA, P. J., and D. F. WALSH and
W. S. WHITE,* JJ.

BASHARA, P. J. The appellant, Michigan Mutual
Liability Company, appeals from a judgment hold-
ing the appellant responsible for both prejudgment
and post judgment interest on a verdict that was
within the limits of a liability policy issued by the
appellant.

This action arose when an automobile driven by
the appellee, Marian Dittus, was rear-ended by a
car driven by Robert Geyman. Marian Dittus sued
for personal injuries, while her husband Richard,
who is also an appellee, sought recovery for medi-
cal expenses and the loss of the services of his
wife. At the time of the collision, Geyman was
insured by the appellant on an automobile policy
providing a $250,000 maximum liability for bodily
injury to one person. Marian Dittus and Richard
Dittus obtained verdicts of $200,000 and $35,000
respectively.

After the verdict, costs were taxed in favor of
the appellees in the amount of $1,426. The court
also awarded the appellees interest of $45,118 at
the rate of 6% on the verdict from the date of the
complaint to the date the judgment was paid. The
appellant paid the appellees $251,426. This
amount includes the $235,000 verdict, $15,000 in
prejudgment interest and $1,426 in costs.

The payment to the appellees was subject to an
agreement and satisfaction of judgment which
provided that Geyman was relieved from any fur-
ther personal liability. It was further agreed that
the appellees could test in a subsequent action the
liability of the appellant for prejudgment interest
in excess of the $15,000 paid by the appellant. The

* Circuit judge, sitting on the Court of Appeals by assignment.

agreement was in accordance with the appellant's stipulation that it was liable for prejudgment interest, but only up to an amount that would not exceed the policy limits.

The applicable insurance provisions are as follows:

"Bodily Injury Liability

\* \* \*

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury \* \* \* sustained by any person;

\* \* \*

"Supplementary Payments:

To pay, in addition to the applicable limits of liability:

"(a) \* \* \* all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;"

Appellees contend that prejudgment interest on the entire judgment is appropriate under either of two theories. First, it was argued at oral hearing that prejudgment interest is covered by the provisions in the insurance contract pertaining either to "damages" or "costs". The Supreme Court in *Ballog v Knight Newspapers, Inc,* 381 Mich 527; 164 NW2d 19 (1969), construed the prejudgment interest statute, MCLA 600.6013; MSA 27A.6013, as procedural. Damages are substantive, therefore prejudgment interest must be recoverable as costs under the supplementary payments provision. Second, appellees propose that as Michigan allows an

injured party to recover interest on the entire judgment from the date of the complaint, public policy mandates that insurance companies pay prejudgment interest on the entire verdict because they control the litigation.

It is appellant's position that the bodily injury liability provision requiring the insurer to pay "all sums which the insured shall become legally obligated to pay as damages" means that the insurer is liable for any judgment including prejudgment interest, but only up to an amount that does not exceed the policy limits.

The first issue for our consideration is whether prejudgment interest is recoverable as interest or costs under the supplementary payments provision, or as damages under the bodily injury liability clause.

The law is well settled in Michigan that policies containing ambiguities are construed against the insurer and most favorably to the insured. *Weaver v Michigan Mutual Liability Co,* 32 Mich App 605, 609; 189 NW2d 116 (1971). Moreover, insurance policies must be construed in accordance with the ordinary and popular sense of the language in order to avoid strained interpretations. *Cora v Patterson,* 55 Mich App 298, 300; 222 NW2d 221 (1974).

The portion of the supplementary payments clause relating to interest provides that the insurance company shall pay "all interest on the entire amount of any judgment * * * which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability * * * ". This language in plain and unambiguous terms provides that the insurer will pay post judgment interest on the

entire amount of the judgment. Prejudgment interest is not recoverable under this provision of the policy.

We next consider whether prejudgment interest is recoverable as a cost under the supplementary payments provision. Costs were not awardable at common law. *Booth v McQueen,* 1 Doug 41 (Mich, 1843). Costs are only recoverable when there is statutory authority awarding them. *Hester v Commissioners of Parks and Boulevards of the City of Detroit,* 84 Mich 450; 47 NW 1097 (1891). In general the specification of items which are taxable as costs and the prescription of amounts are enumerated in RJA Chapters 24 and 25. See MCLA 600.2401, and included Practice Commentary in Vol 33, MSA 27A.2401. Prejudgment interest is not included therein, but rather provided for in RJA Chapter 60. MCLA 600.6013; MSA 27A.6013. We conclude that prejudgment interest is not recoverable under the supplementary payments provision covering costs.

It remains for us to determine whether prejudgment interest is covered by the bodily injury provision requiring the insurer to pay "all sums which the insured shall become legally obligated to pay as damages * * * ". We note that appellant has stipulated that it is liable for prejudgment interest as damages, but only to the extent that the amount of interest falls within the policy limits. The distinction between interest on a judgment and interest as an element of damages had been often noted. The former is computed and added to the general verdict. *Motyka v Detroit, Grand Haven & Milwaukee Ry Co,* 260 Mich 396, 398; 244 NW 897 (1932), *Swift v Dodson,* 6 Mich App 480; 149 NW2d 476 (1967). The latter is awarded by the jury as an element of damages. *Vannoy v City of*

*Warren,* 26 Mich App 283, 288; 182 NW2d 65
(1970). Prejudgment interest from the date of the
complaint is purely statutory, MCLA 600.6013;
MSA 27A.6013, and is computed and added to the
general verdict. *Waldrop v Rodery,* 34 Mich App 1,
4; 190 NW2d 691 (1971). Prejudgment interest is
not an element of damages covered by the bodily
injury liability provisions. Our determination that
prejudgment interest is not covered by the "dam-
ages" provision in the insurance policy, however,
in no way affects the appellant's stipulation to
which it is bound.

We now turn our attention to whether public
policy requires the appellant to pay all prejudg-
ment interest on any verdict that is within the
maximum policy limits of the insurance policy.

The issue of liability of insurance companies for
prejudgment interest was recently considered in
*Cates v Moyses,* 57 Mich App 405; 226 NW2d 106
(1975), *modified* 394 Mich 762; 228 NW2d 380
(1975). In *Cates* the plaintiff obtained a judgment
for $60,000 against the defendant. The defendant's
insurance policy contained a maximum liability
limit of $10,000. The supplementary payments
clause in *Cates* was identical in its key language to
the corresponding provision in the instant case.
Prior to commencement of the lawsuit the defend-
ant's insurance company advanced $1,489 to the
plaintiff. After a judgment was obtained against
the defendant the insurer admitted a remaining
liability of $8,511 under its policy, plus interest on
that amount from the date the suit was com-
menced. Finding that the insurer was bound by its
judicial admission, that it was liable for prejudg-
ment interest, the Court of Appeals in *Cates* went
on to hold that the insurance company was liable
for prejudgment interest on the entire verdict

under the authority of *Cosby v Pool,* 36 Mich App 571; 194 NW2d 142 (1971), *lv den* 386 Mich 782 (1972).

In *Cosby* the plaintiffs obtained a $206,000 verdict against the defendant. The supplementary payments clause in the defendant's insurance policy provided that the insurer would pay "interest accruing on verdict or after judgment up to the date of payment or tender to the judgment creditor * * * upon the company's share of such verdict or judgment". The policy was issued in 1963 when the interest statute, MCLA 600.6013; MSA 27A.6013, only allowed recovery of post judgment interest. 1965 PA 240 amended MCLA 600.6013; MSA 27A.6013, to allow recovery of prejudgment interest. The trial court refused to allow prejudgment interest on the theory that it was an unconstitutional impairment of a contractual obligation. The Court of Appeals reversed the holding that the amendment did not affect the substantive undertaking of either the insured or the insurer. The supplementary payments provision clearly provided that the insurer assumed the risk to pay prejudgment and post judgment interest on its share of the verdict. The contractual obligation of the insurer was not changed, only the date of computing interest was changed from the date of judgment to the date of the complaint.

When the Court of Appeals in *Cates* determined that the insurer was liable for prejudgment interest to the extent of the entire judgment it stated the following:

"Interest is to be computed as of the date the complaint was filed, MCLA 600.6013; MSA 27A.6013. When *Cosby, supra,* stated that an insurance company can limit its risks, it was discussing only the issue of the amount on which the company's interest liability would

be based, not the date the interest was to begin. In its holding on the date issue, the *Cosby* court held that the statute requiring interest to be computed as of the date suit was commenced replaced the contrary policy provision and that therefore the statute superseded the interest clause of the policy." *Cates v Moyses, supra,* at 411.

It is our opinion that the Court in *Cates* incorrectly applied *Cosby* to its factual situation because *Cates v Moyses, supra,* at 408, had already recognized that the supplementary payments provision in *Cates* and *Cosby* were clearly distinguishable. In *Cates* the supplementary payments provision stated in plain and unambiguous terms that the insurer was only liable for post judgment interest, while the corresponding provision in *Cosby* imposed on the insurer a clear undertaking to pay prejudgment and post judgment interest on its pro rata share of the verdict. Therefore, in *Cosby* the amendment to the interest statute allowing prejudgment interest became part of the contract which itself provided for prejudgment interest. However, to hold as did *Cates,* that the prejudgment interest statute is incorporated into an insurance contract that does not provide for prejudgment interest, is to impose a risk upon the appellant which it neither assumed nor charged a premium for.

The Supreme Court recognized the flaw in the reasoning of *Cates v Moyses, supra,* and modified the Court of Appeals decision. It held on the authority of *Cosby v Pool, supra,* that the insurer was liable for prejudgment interest only to the extent of the insurance policy limits less the amount advanced to the plaintiffs prior to commencement of the suit. We believe that the Supreme Court was citing *Cosby v Pool, supra,* for

the proposition that an insurer should be liable only for the interest that accrues on the amount of risk it has assumed. In *Cates* the insurer stipulated that it was liable for prejudgment interest on the maximum policy limits less the advance. Therefore, the insurer believed it had assumed this risk and the Supreme Court held it liable to that extent.

In the case before us the appellant had stipulated to liability for prejudgment interest to the extent that the prejudgment interest did not exceed the policy limits. We find nothing in the insurance policy that imposes an obligation on the appellant to pay prejudgment interest. However, even if the appellant had not so stipulated we believe it still would have been liable for prejudgment interest to the extent that the amount did not exceed the policy limits.

In the present case Geyman contracted for liability insurance with the appellant and paid premiums for coverage up to $250,000 and he is entitled to that protection. By virtue of MCLA 600.6013; MSA 27A.6013, defendant is required to pay interest on the judgment from the date of the complaint. The fact that the prejudgment interest does not fall within the provisions covering interest, costs or damages in no way negates the insurer's liability for prejudgment interest up to an amount that does not exceed the policy limits. In other words the appellant is liable for the amount of risk it assumed. We hold that the liability of an insured for prejudgment interest is also imposed upon the insurer upon public policy grounds to the extent that the amount of prejudgment interest does not exceed the policy limits. This result finds support elsewhere. See *Cleghorn v Ocean Accident & Guarantee Corp, Ltd of London*, 244 NY 166;

155 NE 87 (1926), *Factory Mutual Liability Insurance Co of America v Cooper,* 106 RI 632; 262 A2d 370 (1970). *Laplant v Aetna Casualty & Surety Co,* 107 NH 183; 219 A2d 283 (1966), 1 Long, The Law of Liability Insurance, § 9.01, p 9-7.

The effect of allowing prejudgment interest in an amount beyond policy limits would be to force an insurance company to acquiesce to a plaintiff's demand at an early stage of the proceedings where it may have a meritorious defense, rather than run the risk of paying a large amount of prejudgment interest due to the delays engendered by crowded dockets should the plaintiff eventually recover.

Reversed and remanded for entry of judgment consistent with this opinion. No costs.

W. S. WHITE, J., concurred.


D. F. WALSH, J. *(concurring in part, dissenting in part).* I concur with the result reached by the majority except insofar as it limits the amount of prejudgment interest payable by defendant-appellant to an amount which when added to the judgment for damages does not exceed the policy limits of liability for damages.

The majority opinion holds, and I concur, that prejudgment interest is not *damages.* It also holds, however, that the amount of prejudgment interest when added to the amount of the judgment cannot exceed the policy limits of liability *for damages.* This to me is inconsistent. If prejudgment interest is not damages, why should the limits of liability for damages have any effect on the amount of interest payable by the insurance company.

Defendant-appellant's policy contains the following provisions:

"Michigan Mutual Liability Company * * * agrees
* * * [t]o pay on behalf of the insured all sums which
the insured shall become legally obligated to pay *as
damages* because of:

"A. bodily injury * * * ;

"The limit of bodily injury liability stated in the
declarations as applicable to 'each person' is the limit of
the company's liability *for all damages,* * * * sustained
by one person as the result of any one occurrence".
(Emphasis supplied.)

Defendant-appellant's argument runs thus. Pre-
judgment interest is part of the *damages* which
the insured has become legally obligated to pay.
Therefore the insurer must pay prejudgment inter-
est under the liability provision of its policy. How-
ever, the limits of the insurer's liability *for dam-
ages* in this case is $250,000. Hence, since the total
amount of *damages* for which the insurer is liable
cannot exceed $250,000, it cannot be liable for any
amount of prejudgment interest which when added
to the judgment exceeds $250,000.

The majority opinion rejects, and I think rightly
so, the defendant-appellant's argument that pre-
judgment interest is part of the damages which
the insured has become legally obligated to pay. It
then accepts, I think inconsistently, the defendant-
appellant's conclusion that since the insurance
company has limited its liability for damages un-
der the terms of its policy the total award cannot
exceed those limits of liability.

I would hold that public policy requires that the
insurer pay any and all interest allowable on that
amount of any judgment which the insurer is
liable to pay.

Any other holding would seem to me to be so
unfair to the policyholder as to be unconscionable.
It is the insurance company that has control of the
litigation. The policyholder cannot settle the law-

suit even if he wants to, except out of his own funds. Why should defendant Geyman, the policyholder in this case, who insured himself against liability in the amount of $250,000 be forced to pay in excess of $30,000 in interest because the insurance company would not agree to a settlement of the claim against him when it could have done so within the policy limits.

Moreover I disagree with the majority that the effect of allowing prejudgment interest in an amount beyond the policy limits would be to force an insurer to pay a plaintiff's demand at an early stage of the proceedings even though it may have had a meritorious defense. Rather than pay the demand the insurer could invest the same money in an interest earning reserve. In the end, if the plaintiff prevailed, the insurer would have accumulated the interest which it would then be required to pay to the claimant. I see nothing unfair or unreasonable about requiring such a procedure. A plaintiff who has a valid claim has a right to his damages as of the date the claim accrues. In reality the insurance company which is liable for the payment of those damages holds the funds in trust for the claimant pending judicial determination of the validity of the claim. It would seem to me that public policy would require that the insurance company invest those funds for the benefit of the claimant should he succeed in proving his claim to be valid. If the claimant fails to prove his claim, the insurance company has its profit from the investment of the reserve.

As indicated above, I would concur in the result reached by the majority except insofar as it limits the amount of prejudgment interest payable by the insurance company to an amount which does not exceed the insurance company's limits of liability for damages.