CANADIAN UNIVERSAL INSURANCE COMPANY v THE
HARTFORD INSURANCE COMPANY

Docket No. 115591. Submitted February 15, 1990, at Detroit. Decided
March 26, 1990.

Canadian Universal Insurance Company, insurer under an um-
brella policy issued to an insured against whom a judgment
was entered in excess of the limits of a primary liability policy
issued to the insured by The Hartford Insurance Company,
brought an action in Wayne Circuit Court against Hartford.
Plaintiff sought reimbursement by defendant for all postjudg-
ment interest paid on the judgment. The trial court, Henry J.
Szymanski, J., granted summary disposition in favor of plain-
tiff. Defendant appealed.

The Court of Appeals held:

Plaintiff's umbrella policy provided for excess or secondary
coverage when there was primary or underlying coverage for
the occurrence giving rise to liability. In the event of liability
for which there was no underlying policy in effect, plaintiff's
policy provided for primary coverage. Under its policy, plaintiff
limited its liability for interest on judgments to those instances
where plaintiff was primary insurer. The judgment in question
in this case arose out of an occurrence for which plaintiff was
liable only as an excess insurer. Thus, plaintiff is not obligated
to pay interest on the judgment and the trial court properly
granted summary disposition in favor of plaintiff on its claim
for reimbursement.

Affirmed.

INSURANCE — UMBRELLA LIABILITY INSURANCE — JUDGMENT INTER-
EST.

A liability insurer under an umbrella policy providing (1) excess
or secondary coverage for occurrences covered by an underlying
primary policy and (2) primary coverage for occurrences not
covered by an underlying primary policy may expressly limit

REFERENCES

Am Jur 2d, Insurance §§ 1553-1555, 1781, 1789.
Liability insurer's liability for interest and costs on excess of
judgment over policy limit. 76 ALR2d 983.

its liability for interest on judgments against its insured to instances where it serves as the primary insurer; accordingly, such an insurer is not liable for judgment interest where it serves as the excess or secondary insurer.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Alvin A. Rutledge*), for plaintiff.

*Holahan, Malloy, Maybaugh & Monnich* (by *Mary Jo Diegel* and *John R. Monnich*), for defendant.

Before: Danhof, C.J., and Brennan and G. S. Allen,* JJ.

Per Curiam. Defendant appeals as of right from an order of summary disposition by the Wayne Circuit Court. MCR 2.116(C)(10). We affirm.

Defendant argues that the trial court erred by granting summary disposition in favor of plaintiff. Defendant argues that under *Matich v Modern Research Corp,* 430 Mich 1; 420 NW2d 67 (1988), both it and plaintiff are liable to pay postjudgment interest on the entire amount of the judgment against their insured. Defendant argues that under *Matich* it does not have to reimburse plaintiff for the amount of interest plaintiff claims it overpaid on behalf of their insured.

The proper standard for reviewing a motion for summary disposition under MCR 2.116(C)(10) is set forth in *Grochowalski v DAIIE,* 171 Mich App 771, 773-774; 430 NW2d 822 (1988):

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987). In ruling on this motion, the trial court must consider not only the pleadings,

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

but also depositions, affidavits, admissions, and other documentary evidence. *Id.* The trial court should be liberal in finding a genuine issue of material fact and must give the benefit of any reasonable doubt to the nonmoving party. *Id.* Summary disposition is appropriate only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency which cannot be overcome. *Id.* We note that a party opposing a motion brought under subrule 10 may not rest upon the allegations or denials of his pleadings, but must come forward with evidence to establish the existence of a material factual dispute. *Id.* See also MCR 2.116(G)(4). If the nonmoving party fails to establish that a material fact is at issue, the motion is properly granted. *Morganroth, supra,* p 789.

In *Matich, supra,* the Supreme Court addressed the question whether the liability of a primary insurance carrier and an excess insurance carrier for postjudgment interest should be calculated on the basis of their respective policy limits or the full amount of the judgment. *Id.* at 23-27. In *Matich,* both the primary carrier and the excess carrier issued policies to their insured which afforded coverage for interest on the judgment against their insured on the plaintiff's claim under so-called "standard interest clauses." Each clause provided that the insurer would pay

> all interest on the *entire amount of* judgment therein which *accrues after entry of the* judgment and before . . . [the insurer] has tendered or deposited in court that part of the judgment which does not exceed the limit of [the insurer's] liability thereon. [Emphasis supplied. *Matich, supra* at 24, quoting language from the respective policies.]

The Supreme Court held that such language obligated each insurer to pay interest on the entire

amount of the judgment which accrued after entry of the judgment, including the amount in excess of the combined policy limits, in proportion to the limits of their respective policies. *Id.* at 26-27.

*Matich* is factually distinguishable from this case and, therefore, is not controlling here. Both policies involved in *Matich* provided coverage to the insured for interest on the judgment entered against their insured. That is not the case here.

The umbrella policy issued by plaintiff afforded the insured two types of coverage: (1) excess, or "secondary," insurance coverage, which provided coverage for "ultimate net loss" in excess of the applicable limits of any underlying insurance; and (2) primary insurance coverage, which provided coverage when there was no underlying insurance or any other collectible insurance to cover the loss.

Under the section of the policy relating to the first type of coverage, plaintiff agreed

> to indemnify the Insured for ultimate net loss in excess of the retained limit hereinafter stated, subject to the limitations, conditions and other terms of this policy, which the Insured may sustain by reason of the liability imposed upon the Insured by law, or assumed by the Insured under contract, on account of:
> (a) Personal Injury Liability
>     For damages and expenses including damages for care and loss of services, to which this insurance applies, because of personal injury, including death at any time resulting therefrom, sustained by any person or persons, caused by an occurrence
>     . . . .

This section did not provide coverage for interest on judgments entered against the insured.

The section of the policy relating to the second type of coverage contains a standard interest

clause of the type at issue in *Matich.* Under the policy, plaintiff's liability for interest on judgments was limited to those instances where plaintiff acted as a primary insurer.

Defendant does not dispute that it acted as the primary insurer of the claim filed against the insured, or that its policy contained a standard interest clause which applied to the claim filed against the insured. Moreover, defendant does not dispute that plaintiff acted as the excess insurer of the claim filed against the insured.

On the basis of the facts of this case, we conclude that only defendant was obligated to pay interest on the entire amount of any judgment accruing after the entry of the judgment and before tender of payment. As was its right, plaintiff limited its liability to exclude coverage for judgment interest in cases such as this where it provided insurance coverage as an excess carrier. See *Cosby v Pool,* 36 Mich App 571, 578; 194 NW2d 142 (1971).

Therefore, we believe the trial court was correct in ordering summary disposition in favor of plaintiff. Defendant failed to establish the existence of a genuine issue of material fact. The order of the circuit court is affirmed.