**COMMERCIAL UNION INSURANCE COMPANY, a foreign corporation, Plaintiff,**

v.

**The SHELBY MUTUAL INSURANCE COMPANY, a foreign corporation, Defendant.**

**Civ. A. No. 82–60212.**

United States District Court, E.D. Michigan, S.D.

May 26, 1983.

Brian J. Doren, MacArthur & Cheatham, Birmingham, Mich., for plaintiff.

Richard G. Ward, Sullivan, Ward & Bone, Detroit, Mich., for defendant.

ORDER

JOINER, District Judge.

This matter is before the court on cross motions for summary judgment. In assessing the case prior to trial the court concluded that the dispute involved legal, rather than factual, issues and asked the parties to each submit motions for summary judgment.

The dispute in this case is over the respective liabilities of a primary insurer and an excess insurer for the settlement of a medical malpractice action against the insured. Shelby Mutual is the primary insurer and insured the physician for $100,000 for malpractice. Commercial Union is the

excess carrier and insured the physician for liability in excess of the primary policy and up to $1,000,000.00.

In the malpractice action the plaintiff alleged that the physician had missed a compression fracture of a thoracic vertabra on an x-ray and was, therefore, responsible for her permanent injury. The parties settled the case. The liability of the physician was settled for $160,000.00. The primary carrier paid $100,000.00 and the excess carrier paid the remainder. The excess carrier reserved its right to bring this action to determine whether the primary carrier is liable for interest on its portion of the settlement.

Jurisdiction of this action is based on diversity of citizenship and the parties agree that Michigan law controls the issue presented in this case. Under Michigan law, the party obtaining a money judgment is entitled to interest from the date of filing:

> Sec. 6013
>
> (1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section.
>
> (2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980 at the rate of 6% per year and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually....

Mich.Comp.Laws Ann. § 600.6013 (West Supp.1982).

It is the position of the excess carrier that the primary carrier is not only liable to the extent of its coverage ($100,000) but also is liable for the prejudgment interest in accordance with the statute set out above.

By its terms, the statute allows interest on a money *judgment*. In the present case there was no judgment entered. The plaintiff to the malpractice action signed a release and a stipulation of dismissal was filed which concluded the litigation.

■ A review of Michigan case law demonstrates that Michigan courts would not apply the statute to grant prejudgment interest in this situation. In *Awedian v. Theodore Efron Manufacturing Co.*, 66 Mich. App. 353, 239 N.W.2d 611 (1976), the plaintiff brought suit against a number of defendants and settled with some before trial. The jury was informed of the settlement and told to assess total damages and then to subtract the amount of the settlement. The jury found $150,000 total damages and subtracted $65,000 for a judgment of $85,-000. The plaintiff appealed arguing that interest should have been assessed on the entire $150,000.00. The Court of Appeals held that the plaintiff was not entitled to prejudgment interest on the amount of the settlement:

> We find this argument novel and interesting but without merit. As defendant notes, M.C.L.A. § 600.6013; M.S.A. § 27A.6013, provides for interest on "any money judgment *recovered*." (Emphasis supplied). Plaintiffs did not recover $150,000 from Efron. By accepting $65,-000 in settlement, plaintiffs waived the right to statutory interest on that amount because no final judgment was rendered against the other defendants. Plaintiffs traded off the loss of this interest for the value of the settlement.

*Awedian* at 358, 239 N.W.2d 611.

*Silisky v. Midland-Ross Corp.*, 97 Mich. App. 470, 296 N.W.2d 576 (1980), lv. denied, 414 Mich. 868, 323 N.W.2d 910 (1982), is a similar case in which the plaintiff settled the case as to some of the defendants during the trial. The parties agreed that the settlement would be subtracted from the judgment. The court noted that the parties had specifically not agreed to entry of judgment on the amount of the settlement and held that the plaintiff had waived the right to statutory interest on the settlement.

Lastly, *McGrath v. Clark*, 89 Mich.App. 194, 280 N.W.2d 480 (1979), held that where the parties enter into a consent judgment under Mich.G.C.R. 1963 519.1, in which the parties make no provision for prejudgment

interest, the party in whose favor judgment is entered is entitled to interest.

■ Reviewing all of the decisions, it becomes clear that Michigan courts apply the statute only to situations within its express terms, "interest ... on a money judgment," and draw a distinction under the statute between judgments and consent judgments on the one hand, and settlements which result in dismissal on the other. There is a right to prejudgment interest in the former but not the latter case.

The plaintiff argues that the primary carrier is liable for prejudgment interest under authority of *Denham v. Bedford,* 407 Mich. 517, 287 N.W.2d 168 (1980). *Denham* held that the insurance company was liable for interest on its portion of the judgment because it had control of the litigation and, more importantly, control of the funds during the pendency of the litigation and was, therefore, the proper party to pay the interest. The choice in *Denham* was between the insurance company and the insured and the court found that the equities tipped in favor of imposing liability on the insurance company despite the fact that it would increase liability beyond the policy limit. The *Denham* court indicated that this rule would encourage insurance companies to quickly settle meritorious claims.

■ When the case involves the question of liability for interest prior to the entry of judgment as between a primary and an excess carrier, the interest is apportioned between the two based on their respective liabilities for the amount underlying the judgment. *Michigan Milk Producers Assoc. v. Commercial Union Insurance Co.,* 493 F.Supp. 66 (W.D.Mich.1980) (applying Michigan law).

■ When a case is settled, the terms of the settlement control. In this case the parties agreed that the defendant's liability was in the amount of $160,000. Shelby Mutual paid $100,000 as the primary carrier and Commercial Union paid $60,000 as the excess carrier. Commercial now seeks to have this court determine that a portion of the settlement represents prejudgment in-

terest and assess this amount against the primary carrier. Absent a judgment, there is no authority for granting the relief sought by the plaintiff.

Furthermore, the court is not persuaded that the public policy concerns underlying *Denham, supra,* apply to cases involving settlements. The *Denham* rule was designed to encourage insurance companies to settle meritorious claims expeditiously. If the carrier were in danger of having to pay prejudgment interest for settlements as well as for judgments, the incentive to settle would be somewhat decreased.

Therefore, the defendant's motion for summary judgment is granted and the plaintiff's motion is denied.

So Ordered.