CELINA MUTUAL INSURANCE COMPANY v CITIZENS
INSURANCE COMPANY OF AMERICA

Docket No. 64617. Submitted June 28, 1983, at Grand Rapids.—Decided April 16, 1984.

Kathleen Flaherty and Nelson Verbeek were killed when an automobile driven by Flaherty collided with a truck driven by Verbeek. Citizens Insurance Company of America was Verbeek's primary insurer under a policy with a liability limit of $100,000. Celina Mutual Insurance Company was Verbeek's insurer under a policy which made Celina responsible for liability in excess of that covered by Citizen's policy up to a limit of one million dollars. The estate of Flaherty brought an action against the estate of Verbeek which resulted in a consent judgment for the estate of Flaherty for $265,000. Thereafter, Celina brought an action against Citizens in Kent Circuit Court, seeking to recover the interest included in the settlement attributable to Citizen's liability. Citizens filed a counterclaim against Celina seeking to recover the interest on its $100,000 accruing after it made an offer of judgment and a portion of its costs and attorney fees. The court, R. Stuart Hoffius, J., denied recovery to either party. Celina appealed and Citizens cross-appealed. *Held:*

Citizens is liable for the prejudgment interest on its $100,000. Pro-rata apportionment of liability for prejudgment interest is the appropriate formula for determining the liabilities of a primary insurer and an excess insurer for prejudgment interest because, otherwise, insurers would be required to pay interest

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Stipulations § 7.
[2] 7A Am Jur 2d, Automobile Insurance § 432 *et seq.*
   44 Am Jur 2d, Insurance § 1782.
   45 Am Jur 2d, Interest and Usury §§ 60, 97.
   Apportionment of losses among automobile liability insurers under policies containing pro rata clauses. 21 ALR2d 611.
[3] 44 Am Jur 2d, Insurance §§ 1405, 1416, 1417, 1792, 1793.
[4, 5] 14 Am Jur 2d, Insurance § 1405.
   Allegations in third person's action against insured as determining liability insurer's duty to defend. 50 ALR2d 458.

on risks they have not assumed and a good faith vigorous defense of an action is in the interests of all potentially liable parties. The primary insurer is entitled to contribution from the excess insurer where both have a duty to defend. Here, both Citizens and Celina had a duty to defend the underlying action. Celina should pay a pro-rata share of the cost of defense, including attorney fees, based on the amount of the settlement that it was required to pay.

Reversed and remanded.

1. STIPULATIONS — JUDICIAL CONSTRUCTION.

The language of a stipulation may not be construed to effect the waiver of a right not plainly intended to be relinquished.

2. INSURANCE — PREJUDGMENT INTEREST — PRIMARY AND EXCESS INSURERS.

Pro-rata apportionment of liability for prejudgment interest between a primary insurance carrier and an excess insurance carrier is the appropriate method of apportionment because, otherwise, insurers would be required to pay interest on risks they have not assumed and a good faith vigorous defense of an action is in the interests of all potentially liable parties.

3. INSURANCE — PRIMARY AND EXCESS INSURERS — CONTRIBUTION.

A primary insurer is entitled to contribution from an excess insurer where both had a duty to defend the insured and the excess insurer denied any duty to defend the insured.

4. INSURANCE — INSURER'S DUTY TO DEFEND.

An insurer's obligation to defend its insured does not depend on its eventual liability to pay; the insurer must defend when the pleadings show that the action is within the policy coverage or if unpled facts known by the insurer to be true bring the action within the policy coverage.

5. INSURANCE — INSURER'S DUTY TO DEFEND.

Generally, an insurer has no duty to defend an insured absent a request to defend.

*Landman, Luyendyk, Latimer, Clink & Robb* (by *Robert L. DeJong* and *Craig A. Bernthal*), for plaintiff.

*Baxter & Hammond* (by *Robert N. Alt, Jr.*), for defendant.

Before: D. F. WALSH, P.J., and R. M. MAHER and T. ROUMELL,* JJ.

T. ROUMELL, J. This action arises out of an accident on October 11, 1977, in which an automobile driven by Kathleen Flaherty collided with a truck driven by Nelson Verbeek. Both drivers were killed. Citizens Insurance Company of America was Verbeek's primary insurer under a policy with a liability limit of $100,000. Celina Mutual Insurance Company was Verbeek's insurer under a policy which made Celina responsible for liability in excess of that covered by Citizens' policy up to a limit of $1,000,000. The parties settled for $265,000, including costs and interest, in an action brought by the estate of Flaherty against the estate of Verbeek. In this action, Celina sought to recover from Citizens the interest included in the settlement of the other action attributable to Citizens' $100,000 liability. Citizens sought by counterclaim to recover from Celina the interest on its $100,000 accruing after an offer of judgment it made and a portion of its costs and actual attorney fees incurred in the defense of the action. After a nonjury trial on stipulated facts, the circuit court denied recovery to either party. Celina appeals by right, and Citizens cross-appeals.

In *Denham v Bedford,* 407 Mich 517; 287 NW2d 168 (1980), the Court held that an insurer was liable for prejudgment interest in excess of contractual limits on its liability. Here, the circuit court pointed out that the judgment entered in *Denham* specified separately the amount of prejudgment interest. See 407 Mich 524. The circuit court held that the parties had waived any claims against each other concerning prejudgment inter-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

est because the settlement entered here failed to specify separately the amount of such interest.

In *Commercial Union Ins Co v Shelby Mutual Ins Co,* 563 F Supp 803 (ED Mich, 1983), the court, applying Michigan law, addressed a similar claim by an excess carrier that the primary carrier was liable for an amount representing prejudgment interest on its share of the settlement. Like the circuit court here, the federal court distinguished *Denham* and held that the excess carrier was not entitled to recover. However, the settlement at issue in the federal case, unlike the settlement at issue here, did not specify that it was for an amount including interest. The federal court also noted that the settlement before it was based on a stipulation to dismiss rather than on a consent judgment and that a plaintiff would be entitled to prejudgment interest in the latter but not the former case. The settlement at issue here was based on a consent judgment.

The language of a stipulation may not be construed to effect the waiver of a right not plainly intended to be relinquished. *In re Cole Estate,* 120 Mich App 539, 544; 328 NW2d 76 (1982). Here, in contrast to *Commercial Union Ins Co v Shelby Mutual Ins Co,* it is clear that the parties intended the settlement to include prejudgment interest. While the amount of interest was unspecified, it could be determined by simple arithmetic. The settlement therefore does not demonstrate a plain intent on the part of the parties to relinquish their rights concerning interest.

In *Michigan Milk Producers Ass'n v Commercial Union Ins Co,* 493 F Supp 66 (WD Mich, 1980), the court, applying Michigan law, considered the relative liabilities of a primary carrier and an excess

carrier for prejudgment interest. The court noted that in *Denham, supra,* pp 533-534, the possibility that the insurer would be required to pay all of the interest on the judgment rather than merely a pro-rata share was mentioned but not resolved. The court concluded that, if faced with the issue, Michigan courts would hold that the insurer which controls the litigation is liable for all of the prejudgment interest. The court noted that actual control rather than the right to control is dispositive, that joint control of the litigation would lead to an equal division of the liability for prejudgment interest rather than pro-rata apportionment, and that the existence of actual control was a question of fact. *Michigan Milk Producers, supra,* p 72. The federal court's decision was apparently in accord with the results reached in the majority of other jurisdictions; see Anno: *Liability insurer's liability for interest and costs on excess of judgment over policy limit,* 76 ALR2d 983, and the cases discussed therein.

We do not agree with the result in *Michigan Milk Producers.* It is contrary to earlier Michigan cases such as *Cates v Moyses,* 394 Mich 762; 228 NW2d 380 (1975), *modifying* 57 Mich App 405; 226 NW2d 106 (1975), and *Cosby v Pool,* 36 Mich App 571, 578-579; 194 NW2d 142 (1971). We believe that pro-rata apportionment of liability for prejudgment interest is the better result, because otherwise insurers will be required to pay interest on risks they have not assumed and because a good faith vigorous defense of an action is in the interests of all potentially liable parties. We conclude that Citizens is liable for prejudgment interest on its $100,000.

Citizens argues that Celina should be liable for the prejudgment interest accruing after its offer of

judgment was made. However, the offer of judgment by Citizens provided:

"Now come the defendants, by their attorneys, Hillman, Baxter & Hammond, and pursuant to the terms of Rule 519.1 of the Michigan General Court Rules of 1963 offer to allow judgment to be taken against them in favor of the plaintiff, Daniel Flaherty, executor of the estate of Kathleen Mary Flaherty, deceased, in this matter for the sum of one hundred thousand and 00/100 ($100,000.00) dollars, *including interest* and costs accrued to the date of this offer." (Emphasis added.)

A subsequent letter sent by Citizens to the counsel for the estate of Flaherty provided:

"By your letter of December 19, you indicate that you would have your client accept the $100,000.00 payment by Citizens in advance of trial, but allow absolutely no consideration for that, *including the waiving of interest* or costs on that portion. In light of that position, together with the continued insistence by Celina on Citizens providing a defense, there is absolutely no reason for Citizens to pay you $100,000.00." (Emphasis added.)

The emphasized language, when read in light of *Denham v Bedford,* shows that Citizens did not offer its policy limits. Citizens therefore cannot claim that subsequent accrual of prejudgment interest was caused by Celina. We note that this is not a case in which the evidence shows that bad faith or negligent conduct on the part of either insurer unnecessarily prolonged the underlying action.

Citizens also argues that Celina should pay part of its costs and attorney fees. In *Aetna Casualty & Surety Co v Certain Underwriters at Lloyds of London, England,* 56 Cal App 3d 791; 129 Cal Rptr

47 (1976), the Court applied the principle of equitable subrogation to hold that a primary insurer continued to defend the insured against liability in excess of that covered by its policy was entitled to reimbursement from the excess insurer. An analogous issue is presented in *Foremost Life Ins Co v Waters (On Remand)*, 125 Mich App 799, 805; 337 NW2d 29 (1983), in which the Court held that an insured who is required to reimburse her insurer from her recovery against a third-party tortfeasor was entitled to recover her attorney fees from her insurer. The Court reasoned that a party who has created or protected a common fund for the benefit of others as well as herself should be compensated by the others who benefited for the burden and expense of the litigation.

Cases from other jurisdictions besides California holding that the primary insurer is entitled to contribution from the excess insurer where both have a duty to defend include *Universal Underwriters Ins Co v Wagner*, 367 F2d 866 (CA 8, 1966); *American Fidelity Ins Co v Employers Mutual Casualty Co*, 3 Kan App 2d 245; 593 P2d 14 (1979); *Lumbermens Mutual Casualty Co v Connecticut Fire Ins Co*, 239 So 2d 472 (La App, 1970), and *Lugan v Gonzales*, 84 NM 229; 501 P2d 673 (1972). We are persuaded by the reasoning contained in these cases, although we recognize that they represent the minority rule. See 7C Appleman, Insurance Law and Practice, § 4682, pp 28-33, and the cases discussed therein. Appleman criticized these cases on the ground that the rule they state does nothing to increase the effectiveness of the defense received by the insured; however, such a rule provides no obstacle to an effective defense and leads to a more equitable distribution of the cost of litigation among the insurers.

Here, Celina's policy obligated it to defend the insured if the primary coverage was exhausted. However, an insurer's obligation to defend does not depend on its eventual liability to pay; it must defend when the pleadings show that the action is within the policy coverage, *Guerdon Industries, Inc v Fidelity & Casualty Co of New York,* 371 Mich 12, 18; 123 NW2d 143 (1963), or if unpled facts known by the insurer to be true bring the action within the policy coverage, *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 5; 235 NW2d 42 (1975). The evidence shows that Celina knew that the primary coverage would be exhausted. Celina's knowledge came from the pleadings in the action between the estate of Flaherty and the estate of Verbeek and from facts it knew to be true before that action commenced. We therefore hold that both Citizens and Celina had a duty to defend the underlying action. See *American Fidelity Ins Co v Employers Mutual Casualty Co, supra.*

We recognize that ordinarily an insurer has no duty to defend an insured absent a request to defend. See *American Mutual Liability Ins Co v Michigan Mutual Liability Co,* 64 Mich App 315, 323; 235 NW2d 769 (1975), and *Detroit Automobile Inter-Ins Exchange v Higginbotham,* 95 Mich App 213, 218; 290 NW2d 414 (1980). Here, although there was never an express request for Celina to defend, the evidence shows that Citizens promptly informed Celina that the primary coverage would be exhausted and repeatedly urged Celina to protect Celina's interest by participating in the defense. The evidence also shows that Celina mistakenly informed Citizens that it had no duty to defend the insured under any circumstances and that Celina failed to disclose the terms of its policy

until after the underlying action was settled. The absence of request to defend is not surprising in light of Celina's representations. We hold that Celina's mistaken representations concerning the terms of the policy estopped Celina from raising the absence of a request to defend as a defense.

We hold that Celina must pay a pro-rata share of the cost of defense, including attorney fees, based on the amount of the settlement it was required to pay. On remand, the circuit court shall determine the amount of interest this opinion requires Citizens to pay and the amount of the cost of defense this opinion requires Celina to pay.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.