MATICH v MODERN RESEARCH CORPORATION

Docket No. 79993. Submitted July 1, 1985, at Detroit.—Decided
November 5, 1985. Leave to appeal applied for.

Steven P. Matich brought a products liability action against
Modern Research Corporation in Wayne Circuit Court. A jury
trial resulted in a judgment in favor of plaintiff in the amount
of $2,250,000. Canadian Universal Insurance Company (Cana-
dian) was Modern's primary insurer under a policy with a
liability limit of $300,000. An excess liability policy was written
by the Insurance Company of North America (INA), with a
liability limit of $1,000,000. Canadian defended the suit against
Modern. INA, other than being apprised of the suit, did not
actively participate in the defense. Following the entry of
judgment, Modern moved for a new trial, *remittitur*, and
judgment notwithstanding the verdict. During the pendency of
Modern's posttrial motions, the parties entered into a settle-
ment agreement, which was placed on the record. Under the
terms of the agreement, Modern would be discharged from any
liability on the judgment and Canadian and INA would be
added as parties defendant. The insurers agreed to pay the full
sum of their respective policy limits, and any disagreement
over the insurers' respective liability for interest on the judg-
ment was to be litigated in circuit court. A consent judgment

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Costs §§ 87, 88.
  Am Jur 2d, Interest and Usury §§ 59-62.
  Deposition expenses as includable in judgments for costs under 28
    USCS § 2412 in civil actions brought by or against United States.
    29 ALR Fed 932.
[2, 5-7] Am Jur 2d, Insurance § 1789.
  Insured's payment of excess judgment, or portion thereof, as prereq-
    uisite of recovery against liability insurer for wrongful failure to
    settle claim against insured. 63 ALR3d 627.
[3] Am Jur 2d, Insurance § 756.
  See the annotations in the ALR3d/4th Quick Index under Prejudg-
    ment Interest.
[4] Am Jur 2d, Insurance §§ 1781-1791.
  Allocation of defense costs between primary and excess insurance
    carriers. 19 ALR4th 107.

drafted by plaintiff's counsel was agreed upon and entered by the court, James A. Hathaway, J. Canadian paid plaintiff $508,044.81, representing its $300,000 policy limit, $43,928.25 in costs, and postcomplaint and prejudgment interest on its policy limit and interest on the entire judgment from the date of entry of the consent judgment to the date Canadian allegedly tendered the amount of its policy limit to INA. On that same date INA paid plaintiff $1,000,000, its policy limit. Both insurers then filed motions for satisfaction of judgment. Plaintiff responded with a motion to determine liability for interest on the judgment and asked the court to award him prejudgment interest on the excess over the $300,000 policy limit of Canadian; postjudgment interest on the entire judgment from the date Canadian tendered its policy limit to INA to the date the consent judgment was entered by the court; and interest on the unpaid balance of the judgment accruing from the date the consent judgment was entered by the trial court. The court ruled that Canadian had paid all interest for which it was liable under its policy with the insured and Michigan law and was thus entitled to a satisfaction of judgment. The court also ruled that INA was not required to pay any prejudgment interest but was liable for postjudgment interest on the $1,000,000 policy limit from the date the consent judgment was entered to the date Canadian tendered its policy limit to INA. Plaintiff appealed. *Held:*

1. INA is responsible for the payment of prejudgment interest on its policy limit of $1,000,000. The trial court erred in finding that plaintiff was not entitled to such interest.

2. The trial court correctly refused to award prejudgment interest on the amount of the $2,250,000 judgment which exceeds the combined limits of the policies issued by Canadian and INA. Plaintiff was foreclosed from obtaining interest on any portion of the judgment which exceeded the combined policy limits pursuant to the terms of the consent judgment. Furthermore, even if plaintiff's prejudgment interest request was not barred by the terms of the consent judgment, case law establishes that neither pre- nor postjudgment interest is to be computed on any sum exceeding the face amount of the policy limits. That portion of the trial court's order denying plaintiff's request for prejudgment interest on the $950,000 excess over the combined policy limits is affirmed.

3. Each insurer is responsible for the payment of postjudgment interest for the period between the date Canadian tendered the amount of its policy's limit to INA and the date that the consent judgment was entered in proportion to their respec-

tive liabilities for the combined policy limits of $1,300,000. Thus, plaintiff is entitled to receive from Canadian the post-judgment interest which accrued on the $300,000 policy limit during that period.

4. While normally postjudgment interest is limited to an insurer's policy limit, defendants in this case are liable for postjudgment interest on the $950,000 by which the judgment exceeds their combined policy limits because they agreed in the consent judgment to pay interest owed on the entire amount of the $2,250,000 judgment until the date of payment of their policy limits. Defendants are liable for payment of postjudgment interest on the $950,000 in proportion to the limits of their respective policies.

Affirmed in part and reversed in part.

M. J. KELLY, J., dissented in part. He would hold that the consent judgment should be construed to mean that the parties had agreed to submit to the courts the question of the amount upon which postjudgment interest was due and that the issue was to be decided in accordance with the terms of the insurance contracts and in accordance with the general principles of Michigan law, not as creating substantive rights and obligations on the subject of postjudgment interest. He would hold that plaintiff could only recover postjudgment interest on the combined policy limits of $1,300,000, not on the entire amount of the earlier $2,250,000 judgment.

### OPINION OF THE COURT

1. COSTS — INTEREST.

Interest and court costs are added to a judgment to compensate the prevailing party for the delay in payment of the money damages determined and to put back in his pocket some of the expense he incurs in instituting and prosecuting an action.

2. COSTS — INSURANCE.

An insurer may be obligated to pay costs or interest on a judgment recovered against its insured although those items may bring the total payment beyond the limits set in the policy.

3. COSTS — PREJUDGMENT INTEREST — INSURANCE.

The Legislature has dictated that interest on a money judgment should accrue from the date of filing the complaint; if the legislative purpose was to compensate the prevailing party for the delay in payment of money damages and to cover the costs of litigation, that purpose can only be effected by the allowance

of prejudgment interest against a defendant insurer, even if the interest exceeds the limits of the insurance policy.

4. Insurance — Prejudgment Interest — Primary and Excess Insurers.

Pro rata apportionment of liability for prejudgment interest between a primary insurance carrier and an excess insurance carrier is the appropriate method of apportionment because otherwise insurers would be required to pay interest on risks they have not assumed and a good faith vigorous defense of an action is in the interests of all potentially liable parties.

5. Insurance — Prejudgment Interest — Policy Limits.

An insurer may be found liable for prejudgment interest only on that portion of a judgment representing the policy liability of the insurer from the date of the filing of the complaint against the insured to the date of the entry of the judgment against the insured.

6. Insurance — Postjudgment Interest — Policy Limits.

An insurer's liability for payment of postjudgment interest is normally limited to the amount of the insurer's policy limit; however, where an insurer agrees to pay interest on the entire amount of the judgment, it will also be held liable for payment of postjudgment interest on the amount of the difference between its policy limit and the amount of the judgment.

Partial Concurrence and Partial Dissent by M. J. Kelly, J.

7. Insurance — Postjudgment Interest — Amount in Excess of Policy Limits.

*A consent judgment between a defendant's two insurers and a plaintiff whereby the insurers agreed to pay interest owed, if any, under the terms of their insurance policies or under Michigan law on the entire amount of an earlier judgment entered against the defendant should be construed to mean that the parties had agreed to submit to the courts the question of the amount upon which postjudgment interest was due, not as acquiescence by the insurers to liability for postjudgment interest on any amount of the judgment exceeding their combined policy limits.*

*Zeff, Zeff & Materna* (by *Michael T. Materna),* and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh),* of counsel, for plaintiff.

*Fitzgerald, Hodgman, Kazul, Rutledge, Cawt-*

*horne & King, P.C.* (by *Christopher L. Terry),* for Canadian Universal Insurance Company, Ltd.

*Martin, Bacon & Martin, P.C.* (by *James N. Martin* and *Stuart A. Fraser),* for Insurance Company of North America.

Before: BEASLEY, P.J., and J. H. GILLIS and M. J. KELLY, JJ.

PER CURIAM. Plaintiff brought a products liability action against defendant Modern Research Corporation (Modern) which, after a jury trial, resulted in a May 20, 1983, judgment in the amount of $2,250,000. Canadian Universal Insurance Company (Canadian) was Modern's primary insurer under a policy with a liability limit of $300,000. An excess liability policy was written by the Insurance Company of North America (INA), with a liability limit of $1,000,000. Canadian defended the suit on behalf of Modern at trial and, other than being apprised of the suit, INA did not actively participate in the defense. Following the entry of judgment, Modern moved for new trial, *remittitur,* and judgment notwithstanding the verdict.

During the pendency of Modern's posttrial motions, the parties engaged in settlement negotiations which culminated in an agreement, the terms of which were placed on the record on November 18, 1983. The agreement proposed to discharge Modern from any liability on the judgment and add Canadian and INA as parties defendant in the action. Further, the defendant insurers agreed to pay the full sum of their respective policy limits. Any disagreement over the insurers' respective liability for interest on the judgment would be litigated in circuit court.

After several versions of a proposed settlement

order were exchanged by counsel for the plaintiff and the two insurance carriers, a consent judgment drafted by plaintiff's counsel was agreed upon and entered by the court on February 27, 1984. Thereupon, Canadian paid plaintiff $508,044.81, representing its $300,000 policy limit, $43,928.25 in costs, and postcomplaint/prejudgment interest on its policy limit and interest on the entire judgment from the date of entry until July 8, 1983, when Canadian allegedly tendered the amount of its policy limit to INA. On the same date, INA paid plaintiff its $1,000,000 policy limit.

Both carriers then filed motions for satisfaction of judgment, and plaintiff responded with a motion to determine liability for interest on the judgment. Plaintiff asked the trial court to award him prejudgment interest on the excess over the $300,000 policy limit of Canadian; postjudgment interest on the entire judgment amount between July 8, 1983, the date plaintiff and Canadian asserted that Canadian actually tendered its policy limit to INA, and February 27, 1984, the date the consent judgment was entered by the trial court; and interest on the unpaid balance of the judgment accruing since February 27, 1984.

After oral arguments were heard on the motions, the trial court ruled that Canadian had paid all interest for which it was liable under its policy with the insured and Michigan law and was thus entitled to a satisfaction of judgment. As to INA, the court ruled that that defendant was not required to pay any prejudgment interest but was liable for postjudgment interest on the $1,000,000 policy limit from July 8, 1983, to February 27, 1984. Plaintiff appeals as of right from those orders.

I

Plaintiff first argues that the trial court erred in

finding that he was not entitled to prejudgment interest on the $1,000,000 limit of defendant INA's policy. In support of the trial court's ruling, defendant INA first argues that since the limit of its insurance policy with Modern Research is clearly stated to be $1,000,000, it cannot be held liable for any amount over that figure, including the payment of interest. We disagree since we believe this argument was specifically rejected in *Denham v Bedford*, 407 Mich 517; 287 NW2d 168 (1980). That opinion states:

"Defendant Transamerica's concern seems to boil down to the following: An insurer limits its risks when it sets a certain policy limit. Any chargeable interest which causes the insurer to pay a sum in excess of this limitation is an intrusion upon the insurer's right and ability to contract. However, this notion runs contrary to the very concept and purpose of charging interest. Interest has been defined as follows:

" 'Interest and court costs are added to a judgment to recompense the prevailing party for the delay in payment of the money damages determined and to put back in his pocket some of the expense he incurs in instituting and prosecuting an action.' *Waldrop v Rodery*, 34 Mich App 1, 4; 190 NW2d 691 (1971).

"Furthermore, the notion clearly runs contrary to the Legislature's intent in enacting the prejudgment interest statute and is without foundation at common law.

"The common-law rule regarding the payment of interest in excess of the policy limits in an automobile insurance policy has been enunciated as follows:

" '[I]t has been established law for a long period of time that the insurer may be obligated to pay costs or interest on judgment recovered against the insured although these items may bring the total payment beyond the limits set in the policy.' *Powell v T A & C Taxi Co*, 104 NH 428, 430; 188 A2d 654 (1963)." 407 Mich 532-533.

The Court went on to conclude:

"The Michigan Legislature has dictated that interest should accrue from the date of filing the complaint. If the legislative purpose was to compensate the prevailing party for the delay in payment of money damages and to cover the costs of litigation, then this legislative purpose can only be effectuated by the allowance of prejudgment interest, even if this interest exceeds the policy limits of an insurance contract." 407 Mich 534-535. (Footnote omitted.) See also *General Electric Credit Corp v Wolverine Ins Co,* 420 Mich 176, 195-196; 362 NW2d 595 (1984).

Defendant INA attempts to avoid the result commanded in *Denham* by arguing that its status as the excess carrier places the burden of paying all prejudgment interest which may be due and owing on the primary carrier, Canadian. *Denham* differs from the case at hand in that it involved only one insurance carrier. INA cites the following clause of its insurance policy to support this argument:

"If collectible insurance with any insurer is available to the Insured covering a loss also covered hereunder, the insurance hereunder shall be in excess of, and not contribute with, such other insurance provided, however, this does not apply to insurance which is written as excess insurance over INA's limit of liability provided in this policy."

We are unable to extract from the language of this clause the interpretation sought by INA, *i.e.,* that the primary carrier shall be liable for all interest on a judgment, including interest on those portions of the judgment which exceed its liability limit. Rather, the clause simply provides that if the judgment in the case at hand were for an amount less than the $300,000 coverage provided

by the primary carrier, INA would not be required to provide any contribution to the satisfaction of that judgment.

We believe that responsibility for the payment of prejudgment interest in cases involving primary and excess carriers should be dealt with as advanced by a panel of this Court in *Celina Mutual Ins Co v Citizens Ins Co of America,* 133 Mich App 655; 349 NW2d 547 (1984). *Celina* rejected a federal district court case which, in its attempt at interpreting Michigan law, held that liability for the payment of prejudgment interest should fall on the insurer which controlled the litigation. *Michigan Milk Producers Ass'n v Commercial Union Ins Co,* 493 F Supp 66 (WD Mich, 1980). The *Celina* Court opted instead to apportion liability for prejudgment interest on a pro rata basis because "otherwise insurers will be required to pay interest on risks they have not assumed and because a good faith vigorous defense of an action is in the interests of all potentially liable parties". 133 Mich App 659. We agree with those observations and thus hold that defendant INA is responsible for the payment of prejudgment interest on its policy limit of $1,000,000.[1]

---

[1] Defendant INA attempts to distinguish *Celina Mutual Ins Co v Citizens Ins Co of America,* 133 Mich App 655; 349 NW2d 547 (1984), by asserting that the parties in that case stipulated to the payment of prejudgment interest, while in the present case the parties stipulated only that the payment of interest, *if any,* would be subject to litigation. We find the distinguishing feature to be irrelevant in light of our conclusion that defendant INA is in fact responsible for the payment of prejudgment interest in excess of its contractual limits of liability pursuant to *Denham v Bedford,* 407 Mich 517; 287 NW2d 168 (1980).

Defendant INA also points to certain language contained in *Celina* whereby the Court distinguished another case involving the liability of an excess carrier for the payment of prejudgment interest, *Commercial Union Ins Co v Shelby Mutual Ins Co,* 563 F Supp 803 (ED Mich, 1983). The Court in *Commercial Union* refused the excess carrier's request that the primary carrier be held liable for interest on its share of the judgment. The *Celina* Court distinguished *Commercial Union* on the grounds that "the settlement at issue in the federal

## II

Plaintiff next assigns error to the trial court's refusal to award prejudgment interest on the amount of the $2,250,000 judgment which exceeds the combined limits of the policies issued by Canadian and INA. We agree with the argument raised by defendant Canadian that plaintiff was foreclosed from obtaining interest on any portion of the judgment which exceeded the combined policy limits pursuant to the terms of the February 27, 1984, consent judgment. The relevant portion of that judgment states:

"IT IS FURTHER HEREBY ORDERED that Canadian Universal Insurance Company, Lt., and Insurance Company of North America, shall pay to the said Steven P. Matich, and his attorneys, Zeff and Zeff, *interest owed if any, on the amount of their policy limits from the date of filing of the Complaint in this action until the date of Judgment,* along with interest owed, if any, on the entire amount of the Judgment ($2,250,000.00) from the date of entry of said Judgment until the date of payment of said insurer's policy limits, under the terms of its insurance policy or otherwise to be paid by such insurance carrier under the laws of the State of Michigan; it being ordered and understood between the parties that the alleged liability of Canadian Universal Insurance Company, Ltd., and Insurance Company of North America for any interest claimed owing on the Judgment by either carrier shall be litigated in this action before the Honorable James A. Hathaway and it is further understood between the parties and ordered that neither the Canadian Universal Insurance

case, unlike the settlement at issue here, did not specify that it was for an amount including interest". *Celina,* p 658. We cannot agree that this observation compels the adoption of INA's argument. In fact, since the settlement involved herein also specified that it was for an amount including interest, albeit modified by the additional phrase "if any", the *Celina* Court's conclusion that "the settlement therefore does not demonstrate a plain intent on the part of the parties to relinquish their rights concerning interest" is equally applicable here.

Company, Ltd., nor the Insurance Company of North America shall be relieved of its liability to the Plaintiff for the payment of such interest by reason of the release of Modern Research Corporation from liability under the Judgment." (Emphasis supplied.)

As can be seen from the emphasized portion of the above-quoted paragraph, the parties agreed that any litigation regarding prejudgment interest would be limited to "the amount of their policy limits * * *". We note that the language of the consent judgment was composed by the plaintiff's attorney. Therefore, we conclude that, having agreed to the specified terms, plaintiff was correctly prevented from attempting to expand his request for prejudgment interest to include that portion of the judgment which exceeded the combined policy limits.

However, even if plaintiff's prejudgment interest request was not barred by the terms of the consent judgment, we believe the claim would be defeated under the applicable Michigan law. This issue was recently addressed in *Sederholm v Michigan Mutual Ins Co,* 142 Mich App 372; 370 NW2d 357 (1985), where the Court concluded on the authority of *Denham v Bedford, supra,* that prejudgment interest is restricted to the face amount of the policy. *Sederholm,* p 388. In a concurring opinion, Judge MAHER could not agree that the Supreme Court "resolved the issue of whether an insurer is liable for interest on the whole judgment". Rather, the Court raised the issue but failed to resolve it, without expressing an opinion in favor of any particular position. *Sederholm,* p 402 (MAHER, J., concurring). Although we agree with Judge MAHER's observation regarding the limits of *Denham's* discussion of this issue, plaintiff's position is still untenable. As noted in *Sederholm's* concurring opinion, p 403, although *Denham* did not resolve

the issue, previous case law establishes that neither pre- nor postjudgment interest is to be computed on any sum exceeding the face amount of the policy limit. See *Cates v Moyses,* 57 Mich App 405; 226 NW2d 106 (1975), *mod* 394 Mich 762; 228 NW2d 380 (1975); *Cosby v Pool,* 36 Mich App 571; 194 NW2d 142 (1971); *Celina Ins Co v Citizens Ins, supra.* We agree, and thus affirm that portion of the trial court's order denying plaintiff's request for prejudgment interest on the $950,000 excess over the combined policy limits.

### III

The final issue for resolution concerns the postjudgment interest to which the plaintiff is entitled. Relevant to a proper analysis of this issue are the following facts. As quoted earlier, a portion of the consent judgment entered on February 27, 1984, contained the agreement that defendants would pay "interest owed, if any, on the entire amount of the Judgment ($2,250,000) from the date of entry of said Judgment until the date of payment of said insurer's policy limits * * *". Pursuant to that agreement, defendant Canadian tendered its policy limit of $300,000, prejudgment interest on its policy limit, and postjudgment interest on the entire amount of the verdict to INA on July 8, 1983. On February 27, 1984, plaintiff received from Canadian the sum which Canadian tendered to INA on July 8, 1983, and from INA the $1,000,000 policy limit plus postjudgment interest on the $1,000,000 from July 8, 1983, until February 27, 1984. Plaintiff now argues that the tender from Canadian to INA on July 8 was not good tender as to him and thus he should receive postjudgment interest on Canadian's $300,000 policy limit for the period of July 8, 1983, to February 27, 1984. Further, plain-

tiff contends that he is entitled to postjudgment interest on the amount of the verdict which exceeded the combined policy limits for this same period. We will begin by addressing plaintiff's entitlement to interest on Canadian's policy limit during this period.

In support of its argument that any potential liability for postjudgment interest was terminated on July 8, 1983, Canadian points to the following clause in its insurance contract:

"Canadian Universal Insurance Company, Limited (a stock insurance company, herein called the company). In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the named insured as follows:

"Supplementary Payments

"The Company will pay, in addition to the applicable limit of liability:

"(a) all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid *or tendered* or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon * * *." (Emphasis supplied by defendant Canadian.)

We cannot agree that the above-quoted clause was intended to provide for the termination of postjudgment interest liability upon the occurrence of any tender; rather, we believe it obvious that tender must be made to the party entitled to receive the funds in question. Plaintiff, not INA, was the party to whom the policy limits and interest were owed, and thus we find that Canadian's tender to INA on July 8, 1984, was a mean-

ingless act from the standpoint of plaintiff's entitlement to postjudgment interest. However, the question remains as to which of the two insurance carriers is responsible for the accumulation of postjudgment interest on the $300,000 policy limit from July 8, 1983, to February 27, 1984.

We believe, in accordance with a suggestion contained in *Celina Ins Co v Citizens Ins, supra,* p 660, that the responsibility for the payment of interest should fall upon the carrier which is responsible for the further accrual of interest. In reviewing the relevant facts of this case, we have found nothing which would suggest that the delay and further accrual of interest which occurred between July 8, 1983, and February 27, 1984, was caused solely by defendant INA. On the contrary, it is apparent from the record that Canadian was equally involved in the negotiations which culminated in an agreement to release Modern Research and to add the two insurance carriers as parties defendant, with liability limited to the extent of their respective policies. This agreement was formalized through the order of consent judgment entered February 27, 1984. Since Canadian's liability pursuant to the above-described agreement did not formally begin until the entry of the consent judgment and was the result of its active participation in the negotiations, we can find nothing in the record which would justify placing upon INA liability for the postjudgment interest which accrued on Canadian's policy limit between July 8, 1983, and February 27, 1984. We therefore conclude that each insurer was responsible for the payment of postjudgment interest for the period July 8, 1983, to February 27, 1984, in proportion to their respective liabilities for the combined policy limits of

$1,300,000.[2] Plaintiff is therefore entitled to receive from Canadian the postjudgment interest which accrued on the $300,000 policy limit during this period.

The only remaining question is whether plaintiff is entitled to postjudgment interest on that portion of the May 20, 1983, judgment which exceeds the combined policy limits which provided the basis for the February 27, 1983, consent judgment. Where there are no extenuating circumstances, we believe that postjudgment interest is limited to the insurer's policy limit. See *Sederholm v Michigan Mutual Ins Co, supra,* p 403 (MAHER, J., concurring.) However, this case in fact involves an extenuating circumstance, that being the agreement of the parties which resulted in the consent judgment of February 27, 1984. As quoted earlier, a portion of that judgment stated that the defendants agreed to pay "interest owed, if any, on the entire amount of the Judgment ($2,250,000.00) from the date of entry of said judgment until the date of payment of said insurer's policy limits * * *". Just as we have held that plaintiff is not entitled to claim prejudgment interest on the entire judgment due to the language in the consent judgment which limits the recovery of such interest to the combined policy limits (see section II, *supra),* we believe defendants should similarly be held to the terms of the consent judgment quoted above. It

[2] We are not unmindful of the fact that Canadian incurred liability for all postjudgment interest due up until August 8, 1983, including postjudgment interest on the $1,000,000 limit of the policy written by INA. However, Canadian's decision to pay such postjudgment interest was entirely voluntary on its part and was apparently based upon the agreement reached between the parties. Therefore, we have not been called upon to determine whether, absent any such agreement, responsibility for postjudgment interest up until August 8, 1983, would be placed entirely upon Canadian or whether an apportionment of responsibility would be appropriate, and we express no opinion on the subject.

does not seem reasonable that the parties would distinguish between the figure upon which pre- and postjudgment interest is to be computed unless that distinguishing feature was intended to have some meaning. Our resolution of this issue, we believe, carries out the intent of the parties.[3] Therefore, we hold that defendants INA and Canadian shall be liable for postjudgment interest on the $950,000 by which the judgment exceeds their combined policy limits in proportion to the limits of their respective policies.

Affirmed in part; reversed in part.

M. J. KELLY, J. *(concurring in part and dissenting in part).* I do not agree that the consent judgment entered in this case on February 27, 1984, creates an exception to the general rule limiting an insurer's liability for postjudgment interest to an amount equalling the combined policy limits. When read in its entirety, the consent judgment obligates defendants to pay "interest owed, if any, on the entire amount of the judgment ($2,250,000.00) * * * under the terms of its insurance policy or * * * under the laws of the State of Michigan". I construe this language to mean that the parties had agreed to submit to the courts the question of the amount upon which postjudgment interest was due and the issue was to be decided in accordance with the terms of the insurance contracts and in accordance with the general principles of Michigan law. I do not agree that the consent judgment created substantive

---

[3] We note that this resolution of the issue is also supported by the fact that defendant Canadian paid interest on the entire amount of the judgment from May 20, 1983, through July 8, 1983, rather than simply upon the amount of its policy limit or the combined policy limits. Such action can only be explained by concluding that the parties intended the computation of postjudgment interest on the entire amount of the judgment.

rights and obligations on the subject of postjudgment interest. Since, under the terms of the insurance contracts and under general principles of law as announced by the majority, plaintiff may recover postjudgment interest only on the combined policy limits of $1,300,000, I dissent from the majority's holding in this regard.