BENT v BOSTWICK

Docket No. 81025. Submitted December 5, 1985, at Grand Rapids.—
Decided January 6, 1986.

Plaintiff, Maurice H. Bent, filed suit against defendants Keith
George Bostwick, Kalamazoo County Board of Road Commis-
sioners and Consumers Power Company in Kalamazoo Circuit
Court following an automobile accident wherein he sustained
injuries. The jury returned a verdict of no cause of action as to
defendants Kalamazoo County Board of Road Commissioners
and Consumers Power Company but awarded plaintiff a judg-
ment for $146,520 against defendant Bostwick. Garnishee de-
fendant, United Security Insurance Company, was defendant
Bostwick's automobile insurer under a policy with a liability
limit of $25,000. Plaintiff filed a motion for summary judgment
on the basis that except for the amount of damages, there was
no genuine issue of material fact, and that he was entitled to
judgment for $25,000 plus prejudgment interest on the jury
award of $146,520. Garnishee defendant filed a motion for
summary judgment denying it owed plaintiff interest on any
part of the judgment exceeding the policy limit of $25,000. The
circuit court, Robert L. Borsos, J., granted garnishee defen-
dant's motion for summary judgment, finding that garnishee
defendant was liable to plaintiff for interest only on the policy
limit of $25,000. Plaintiff appealed as of right. *Held:*

1. Plaintiff's claim that interest should be computed on the
amount of the jury award was rejected by the Court of Appeals.
Garnishee defendant was liable for prejudgment interest only
on that portion of the judgment representing the policy limit of
the insurer, garnishee defendant.

2. The Court of Appeals refused to allow plaintiff, who caused
a delay by gambling on a possible judgment in excess of the
insurer's liability limit offered as settlement, to turn around
and claim the insurer owes interest on the full judgment

REFERENCES
Am Jur 2d, Insurance §§ 1553-1556.
Am Jur 2d, Interest and Usury §§ 96-98.
See the annotations in the ALR3d/4th Quick Index under Automo-
bile Insurance; Insurance; Prejudgment Interest.

amount for the delay period. Garnishee defendant relieved itself of exposure to liability for interest on the judgment amount in excess of the policy limit by offering to pay that amount in settlement to plaintiff even prior to the filing of the suit.

Affirmed.

1. INSURANCE — PREJUDGMENT INTEREST.

An insurer is liable for prejudgment interest only on the portion of any judgment against its insured representing the policy liability limit in the insurance policy.

2. INSURANCE — PREJUDGMENT INTEREST.

An insurer can relieve itself of exposure to liability for interest on the portion of a judgment against its insured in excess of the policy liability limit by offering to pay the policy limit in settlement to a plaintiff prior to the filing of a suit.

*Allen & Letzring* (by *Stephen L. Simons*), for plaintiff.

*Linsey, Strain & Worsfold, P.C.* (by *Dale M. Strain*), for United Security Insurance Company.

Before: BEASLEY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

BEASLEY, P.J. Plaintiff-appellant, Maurice H. Bent, appeals as of right from an order awarding summary judgment in favor of garnishee defendant-appellee, United Security Insurance Company.

The facts giving rise to this appeal indicate that on April 14, 1982, plaintiff was awarded a judgment in the sum of $146,520 against defendant Keith George Bostwick for injuries sustained in an automobile accident involving plaintiff and defendant. The garnishee defendant was the automobile liability insurer for defendant under a policy with a recovery policy limit of $25,000. Plaintiff claimed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that garnishee defendant owed him prejudgment interest under MCL 600.6013; MSA 27A.6013 on the full amount of the judgment against defendant and moved for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), on this issue. Garnishee defendant denied it owed plaintiff interest on any part of the judgment exceeding the liability policy limit of $25,000 and also moved for summary judgment on this issue. On September 27, 1984, the trial judge granted garnishee defendant's motion for summary judgment, finding that garnishee defendant was liable to plaintiff for interest only on the policy limits, *i.e.,* $25,000 of the judgment.

On appeal, the parties filed a stipulated statement of facts on this issue. The statement of facts reveals that on March 7, 1980, garnishee defendant offered to pay plaintiff $25,000 (the policy limit) to settle defendant's liability. On March 24, 1980, plaintiff's counsel indicated that they would settle with defendant for $25,000, but they wanted to wait until settlement was also reached with two other parties, the Kalamazoo County Board of Road Commissioners and Consumers Power Company. Plaintiff wanted to wait before accepting the settlement from garnishee defendant in order not to lose the percentage of any judgment obtained against all three possible defendants attributable to defendant Bostwick. Plaintiff's concern over losing the percentage of a judgment attributable to defendant Bostwick if he settled with Bostwick prior to winning an award from the other two potential defendants was valid under Michigan case law at the time of the settlement negotiations.

Plaintiff failed to reach a settlement with Kalamazoo County and Consumers Power and, on March 31, 1980, filed suit against these parties and

defendant Bostwick. Garnishee defendant's offer to settle as to defendant Bostwick remained open throughout the subsequent litigation. On April 14, 1982, a jury returned a verdict of no cause of action in favor of defendants Kalamazoo County and Consumers Power. As previously indicated, the jury also returned a verdict against defendant Bostwick for $146,520. Garnishee defendant promptly paid plaintiff $25,000, plus $6,336.70 interest thereon from the date plaintiff had filed suit.

Plaintiff, at trial and on appeal, claims that garnishee defendant is also liable for interest on the portion of the judgment against defendant which exceeds the $25,000 liability limit. Plaintiff's claim is without merit.

In three recent decisions, this Court has refused to hold an insurer liable for prejudgment interest on judgment amounts which exceed the liability policy limit in the insurance policy.[1] All three decisions rejected the reasoning used by a federal district court in *Michigan Milk Producers Ass'n v Commercial Union Ins Co,*[2] which purported to apply Michigan law to hold an insurer liable for prejudgment interest on amounts exceeding the liability limit in the policy. In making its decision, the federal district court relied on the policy of not allowing insurers who are in control of litigation to use delaying tactics.[3] The court felt that exposing the insurer to the risk of liability for interest on the entire judgment during the delay period would provide a substantial incentive to settle meritorious claims.

---

[1] *Matich v Modern Research Corp,* 146 Mich App 813; 381 NW2d 834 (1985); *Sederholm v Michigan Mutual Ins Co,* 142 Mich App 372; 370 NW2d 357 (1985); *Celina Mutual Ins Co v Citizens Ins Co of America,* 133 Mich App 655; 349 NW2d 547 (1984).

[2] 493 F Supp 66 (WD Mich, 1980).

[3] See *Celina Mutual Ins Co, supra,* p 659.

Even if the policy considerations noted in *Michigan Milk Producers Ass'n, supra,* constituted Michigan law on this issue, application of these policy considerations to this case would not change the result. In the case at bar, garnishee defendant was not "in control" of the litigation or using delaying tactics to avoid settling a meritorious claim. Plaintiff was in control, since garnishee defendant had, with reasonable promptness, offered to settle the claim for the policy limit amount throughout the litigation process. To recover, plaintiff merely had to accept garnishee defendant's offer.

We refuse to allow a plaintiff to cause a delay by gambling on a possible judgment in excess of the insurer's liability limits offered as a settlement, and then turn around and claim the insurer owes interest on the full judgment amount for the delay period. In such a case there is no need to provide a substantial incentive to an insurer to settle the claim. Therefore, the competing policy interest noted in *Michigan Milk Producers Ass'n,* of allowing an insurer the right to limit its risks, prevails in this instance. Garnishee defendant in this case relieved itself of exposure to liability for interest on the judgment amount in excess of the $25,000 liability limit by offering to pay that amount in settlement to plaintiff even prior to the filing of the suit.

Both the recent clear statements of this Court on this issue and the policy considerations surrounding this issue lead us to the conclusion that garnishee defendant is liable for prejudgment interest only on the $25,000 policy limit amount. Consequently, the trial judge properly granted garnishee defendant's motion for summary judgment under GCR 1963, 117.2(3).

Affirmed.