COCHRAN v MYERS

Docket No. 94730. Submitted December 8, 1987, at Grand Rapids. Decided June 7, 1988.

Carol Ann Cochran was injured when her car was struck by a truck whose driver was insured by Auto Club Insurance Association. The policy limit was $50,000. Cochran brought an action in the Manistee Circuit Court against the driver of the truck and obtained a judgment for $125,000. The judgment was appealed and affirmed, *Cochran v Myers,* 146 Mich App 729 (1985). Subsequently, the court, James M. Batzer, J., determined that Auto Club owed, in addition to the policy limit, prejudgment interest on $50,000 and postjudgment interest on $125,000 to the date of posting bond while it appealed the case to the Supreme Court. Auto Club appealed.

The Court of Appeals *held:*

1. An insurer's liability for payment of postjudgment interest is normally limited to the amount of the insurer's policy limit; however, where an insurer agrees to pay interest on the entire amount of the judgment, it will also be held liable for payment of postjudgment interest on the amount of the difference between its policy limit and the amount of the judgment. Auto Club in its policy agreed to pay postjudgment interest on the entire amount of the judgment.

2. An insurer is liable for prejudgment interest only on the portion of any judgment against its insured representing the policy liability limit in the insurance policy unless it contracts otherwise. Since the policy did not provide for the payment of any prejudgment interest, Auto Club is only responsible for prejudgment interest on the policy limit amount.

Affirmed.

1. INTEREST — JUDGMENTS.

Interest on a money judgment in a civil action is statutory (MCL 600.6013; MSA 27A.6013).

REFERENCES

Am Jur 2d, Insurance §§ 1551 *et seq.*

Am Jur 2d, Interest and Usury §§ 59-62, 73, 96, 97.

Liability insurer's liability for interest and costs on excess of judgment over policy limit. 76 ALR2d 983.

2. Insurance — Postjudgment Interest — Policy Limits.

An insurer's liability for payment of postjudgment interest is normally limited to the amount of the insurer's policy limit; however, where an insurer agrees to pay interest on the entire amount of the judgment, it will also be held liable for payment of postjudgment interest on the amount of the difference between its policy limit and the amount of the judgment.

3. Insurance — Prejudgment Interest.

An insurer is liable for prejudgment interest only on the portion of any judgment against its insured representing the policy liability limit in the insurance policy unless it contracts otherwise.

*Donald G. Jennings, P.C.* (by *Donald G. Jennings*), for plaintiff.

*Menmuir, Zimmerman, Rollert & Kuhn, P.C.* (by *P. David Vinocur*), and *MacArthur, Cheatham, Acker & Smith, P.C.* (by *Mary T. Nemeth*), for Auto Club Insurance Association.

Before: R. M. MAHER, P.J., and GRIBBS and L. F. SIMMONS, JR.,* JJ.

L. F. SIMMONS, J. Auto Club Insurance Association appeals as of right from a Manistee Circuit Court determination that it failed to tender payment sufficient to terminate its liability for postjudgment interest. Plaintiff filed a cross-appeal claiming that the trial court erred by calculating the judgment interest on the policy limit of $50,000 rather than on the jury verdict of $125,000. We affirm.

On November 29, 1981, plaintiff was injured when her car was rear-ended by Francis Myers while he was driving his GMC truck. Myers was insured by Auto Club. The policy limit was $50,000. This case went to trial and the jury awarded plaintiff $125,000 for economic loss after determin-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing that defendant was negligent. The jury also determined that plaintiff's injuries did not constitute a serious impairment of body function. On February 21, 1984, the trial court entered a judgment awarding plaintiff $125,000 plus interest from the date the complaint was filed until the judgment was paid and costs of $554.57.

Auto Club subsequently filed motions for a new trial, judgment notwithstanding the verdict and remittitur. On April 15, 1984, these motions were denied. Auto Club then appealed as of right. The trial court's determination was affirmed on appeal. See *Cochran v Myers,* 146 Mich App 729; 381 NW2d 800 (1985), lv den 425 Mich 867 (1986).

On July 2, 1986, plaintiff filed a motion in the Manistee Circuit Court to compel payment of a bond pursuant to MCR 7.208(E). Plaintiff sought payment of the $50,000 policy limit, $554.57 in costs, plus prejudgment and postjudgment interest on the $125,000 jury verdict. The total amount plaintiff sought was $126,178.29. Auto Club responded by claiming that it was only liable for the $50,000 policy limits, $554.57 in costs, prejudgment interest on the $50,000 policy limit and postjudgment interest on a $125,000 verdict up until Auto Club's May 30, 1984, tender of payment. The total amount Auto Club claimed it owed was $66,075.51. On December 16, 1986, the trial judge heard plaintiff's motion and determined that Auto Club owed prejudgment interest on the $50,000 policy limit and postjudgment interest on the $125,000 judgment through the date of December 16, 1986.

Interest on a money judgment recovered in a civil action is statutorily created. MCL 600.6013; MSA 27A.6013. This statute provides in pertinent part:

(1) Interest shall be allowed on a money judg-

ment recovered in a civil action, as provided in this section . . . .

* * *

(4) For complaints filed on or after June 1, 1980, but before January 1, 1987, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually . . . .

This Court has held that postjudgment interest should be calculated based upon the policy limits and not the amount of the judgment. *Matich v Modern Research Corp,* 146 Mich App 813, 824; 381 NW2d 834 (1985), lv gtd 425 Mich 871 (1986); *Sederholm v Michigan Mutual Ins Co,* 142 Mich App 372, 388-390; 370 NW2d 357 (1985), lv den 424 Mich 857 (1985). However, if an insurance company contracts to provide interest on the entire judgment, the insurance company will be liable to pay interest on the judgment. *Matich, supra,* pp 827-828.

In the instant case, the insurance policy provided for payment, in addition to the applicable limits of liability, of:

(a) all expenses incurred by the Exchange [Auto Club], all costs taxed against the insured in any such suit and all interest on the entire amount of any judgement [sic] which accrues after the entry of judgment and before the Exchange has paid, tendered or deposited in court that part of such judgment which does not exceed the limits of the Exchange's liability thereon . . .

Therefore, based upon the insurance contract, Auto Club agreed to pay interest on the entire amount of any judgment accruing after the entry of judgment and before tender of payment. In fact, in appellant's brief, appellant admitted that, pur-

suant to MCL 600.6013(4); MSA 27A.6013(4), interest was to be calculated upon the $125,000 judgment from the date the complaint was filed until the date the judgment was satisfied.

Auto Club claims that its offer of May 30, 1984, constituted sufficient tender of payment so as to relieve it from the obligation to pay postjudgment interest on the entire amount beyond that date. In its policy of insurance, Auto Club did provide that interest on the judgment accrues up until Auto Club pays, tenders, or deposits in court that part of the judgment which does not exceed the limits of the policy. In the May 30, 1984, letter, Auto Club authorized its attorney to offer, as a final settlement proposal, the $50,000 policy limit plus interest on the $50,000 through judgment plus costs, and interest on the $125,000 judgment through the date of receipt of the offer. The trial court determined that this letter did not constitute tender as the insurance contract required because it was unclear whether, by accepting the offer, plaintiff would be foreclosing the opportunity to collect the balance of the judgment. The lower court's determination was not erroneous. Auto Club's offer was not a tender because it was conditioned upon plaintiff's accepting the money as a final settlement proposal.

Auto Club should have actually paid the amount due to plaintiff to the trial court. Once the amount due was paid, the interest would stop accruing. *Sederholm, supra,* p 392. Auto Club's failure to tender the amount due as the contract required resulted in the interest obligation not being tolled. Because the interest continued to accrue, the trial court properly determined that Auto Club was liable for postjudgment interest on the judgment continuing through the date of that order.

In *Denham v Bedford,* 407 Mich 517; 287 NW2d

168 (1980), our Supreme Court noted that there was a split of authority on the issue of whether the insurer was liable for prejudgment interest on the whole judgment or only on the policy limits. *Id.,* p 533. The *Denham* Court also noted that the majority and modern trend was in favor of holding the insurer liable for interest on the whole judgment. *Id.* However, in its conclusion, the Supreme Court held that the insurer was liable for prejudgment interest on the portion of the judgment representing the policy limit of the insurer. *Id.,* p 537. This Court has continued to follow the *Denham* decision. See *Bent v Bostwick,* 148 Mich App 184, 187; 384 NW2d 124 (1986); *Sederholm, supra,* p 389.

In the present insurance policy Auto Club did not provide for payment of any prejudgment interest. Rather, the insurance policy provided for payment of all interest on the entire amount of any judgment which accrues after the entry of judgment. Due to the fact that there was no contractual provision in the insurance policy, the statutory requirement that prejudgment interest be paid on the policy limits alone must be applied. In this case, the trial court properly determined that Auto Club was obligated to pay prejudgment interest on the $50,000 policy limit only.

Accordingly, we hold that the trial court properly concluded that postjudgment interest continued to accrue due to the fact that Auto Club's letter dated May 30, 1984, did not constitute tender of payment. Rather, it was merely an offer to settle. We further hold that the trial court properly determined that Auto Club was to pay postjudgment interest on the verdict and that prejudgment interest should be calculated based upon the $50,000 policy limit.

Affirmed.