SMOLTZ v PETERSON

Docket No. 153803. Submitted December 21, 1993, at Lansing. Decided March 8, 1994, at 9:20 A.M. Leave to appeal sought.

Michael A. Smoltz brought a negligence action in the Eaton Circuit Court against Michael K. Peterson. The court, G. Michael Hocking, J., following a bench trial, entered a judgment for the plaintiff in the amount of $151,101.89 and ordered the defendant's insurer, Allstate Insurance Company, to pay prejudgment interest on its policy limit of $25,000. The plaintiff appealed, claiming that Allstate should pay prejudgment interest on the entire judgment.

The Court of Appeals *held:*

An insurer is liable for prejudgment interest only on the portion of the judgment against its insured representing the policy limit where the policy is, as in this case, silent with respect to the payment of prejudgment interest.

Affirmed.

*Nolan, Reincke, Thomsen & Villas* (by *Lawrence P. Nolan*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Robert D. Goldstein*), for the defendant.

Before: SHEPHERD, P.J., and McDONALD and JANSEN, JJ.

PER CURIAM. Plaintiff appeals as of right from a June 19, 1992, order determining defendant's insurer, Allstate Insurance Company, was responsible for prejudgment interest calculated with regard to its policy limits rather than with regard to the total amount of the judgment.[1] We affirm.

[1] Plaintiff's remaining issue was resolved by the parties before appeal.

The facts are not in dispute. Following a bench trial, defendant was found liable for injuries plaintiff sustained in an automobile collision with defendant. Judgment was entered against defendant for $151,101.89. Defendant was insured by Allstate for third-party liability in the amount of $25,000. The issue raised on appeal involves the calculation of the prejudgment interest Allstate owes plaintiff.

Plaintiff claims Allstate is responsible to pay prejudgment interest on the entire amount of the judgment rather than on the amount of its policy limits. We disagree.

This Court has held that where an insurance policy is silent regarding the payment of prejudgment interest, the insurer is obligated to pay prejudgment interest on the policy limit alone and not on the entire amount of the judgment. *Cochran v Myers,* 169 Mich App 199; 425 NW2d 765 (1988). Plaintiff relies on the following language of the insurance policy:

> 1. Allstate will pay with regard to any lawsuit alleging damages covered under this part:
>
> * * *
>
> (c) all interest on any judgment entered in such suit until Allstate has paid, tendered or deposited in court that part of the judgment which does not exceed the limit of Allstate's liability thereon
> . . . .

However, this provision involves the payment of interest *on* a judgment and thus necessarily involves the payment of postjudgment interest. Allstate does not dispute its contractual liability to pay postjudgment interest calculated on the entire judgment. We find no error.

Affirmed.